JOHN P. SULLIVAN *vs.* CITY OF WORCESTER & others.[1]

Worcester. March 15, 1984. — July 11, 1984.

Present: GREANEY, C.J., PERRETTA, & DREBEN, JJ.

*School and School Committee,* Tax-deferred retirement plan. *Statute,* Construction. *Practice, Civil,* Summary judgment.

Provisions of G. L. c. 71, § 37B, as amended through St. 1980, c. 564, authorizing a school committee to make payroll deductions under an agreement with its employee, and to invest the amounts so deducted in a tax-deferred custodial account as authorized by § 403 (b) (7) of the Internal Revenue Code, did not require that the custodial account be maintained with an insurer authorized to issue life insurance or annuity contracts in the Commonwealth. [362-363]

CIVIL ACTION commenced in the Superior Court Department on December 13, 1982.

The case was heard by *James P. Donohue,* J., on a motion for summary judgment.

*Malcolm L. Burdine,* Assistant City Solicitor, for the defendants.

*John A. Wortmann, Jr.* (*Jeffrey M. Freedman* with him) for the plaintiff.

DREBEN, J. The question before us is whether a custodial account approved as an investment by the Internal Revenue Service and hence authorized by the first sentence of G. L. c. 71, § 37B, must be purchased from "an insurer authorized to issue life insurance or annuity contracts in the commonwealth" (fourth sentence of G. L. c. 71, § 37B [see note 2, *infra*]).

The plaintiff, a school psychologist in Worcester, sought to invest in a tax-deferred retirement plan through payroll deduc-

---

[1] The treasurer and the school committee of Worcester.

tions. Having determined that a custodial account authorized by § 403(b)(7) of the Internal Revenue Code (1982) was more advantageous than an annuity, he requested the Worcester school committee to purchase a custodial account offered by the Fidelity Distributors Corp., a member of the Fidelity Group of Mutual Funds. The school committee denied the plaintiff's request on the ground that the offeror of the custodial account was not authorized to issue life insurance or annuity contracts in the Commonwealth. The plaintiff brought an action seeking declaratory and injunctive relief. Competing motions for summary judgment were filed, and the judge entered judgment for the plaintiff. We affirm.

The relevant portions of the first four sentences of G. L. c. 71, § 37B, as amended through St. 1980, c. 564, are set out in the margin.[2] Prior to the 1980 amendment, the first sentence of § 37B authorized only the purchase of "an individual or group annuity contract." The fourth sentence of that provision, which remains unchanged, required that "[s]uch contract shall be purchased only from an insurer authorized to issue life insurance or annuity contracts in the commonwealth."

Prior to 1974, Federal law only permitted tax-deferred treatment for contributions to § 403(b) plans invested in insurance contracts. In 1974, a new provision, § 403(b)(7), was inserted in the Internal Revenue Code by P.L. 93-406, § 1022(e). The accompanying committee report, after noting the previous investment limitation, stated, "The committee believes that it

---

[2] "A school committee or a board of trustees of a vocational school may . . . enter into a written agreement with any of its employees to purchase an individual or group annuity contract or any investment approved by the internal revenue service guidelines relative to section 403(b) of the Internal Revenue Code for such employee; provided, however, that in no event shall the total of the premiums paid for the purchase of such annuity and the employee's includible compensation for any year exceed the total annual salary or compensation under the existing salary schedule or classification plan applicable to such employee in such year. As used in this section, the words 'includible compensation' shall have the same meaning as in section 403(b) of the Internal Revenue Code of 1954, as amended. Such employee's rights under such annuity contract shall be non-forfeitable. Such contract shall be purchased only from an insurer authorized to issue life insurance or annuity contracts in the commonwealth; . . . ."

would be desirable to provide more flexibility in this area, and, accordingly, the committee bill provides that these contributions may also be placed in qualified custodial accounts if those funds are to be invested in mutual funds." H.R. Rep. No. 93-807, 93d Cong., 2d Sess. 162, reprinted in 1974 U.S. Code Cong. & Ad. News 4670, 4827. It is evident that when St. 1980, c. 564, amended the first sentence of G. L. c. 71, § 37B, the purpose was to afford Massachusetts school employees the additional flexibility in investments authorized by Federal law.

With this purpose in mind, we turn to the defendants' contention. They point out that the fourth sentence of the statute was not amended and urge that the words "such contract" in that sentence applies also to the newly authorized investments. The difficulty with this argument is that it puts a strain on the language of the statute. Investments are not ordinarily referred to as contracts. "It is well settled that when a statute is construed its words are to be given their usual and ordinary meaning considered in light of the aim to be accomplished by the Legislature." *Prudential Ins. Co. of America* v. *Boston,* 369 Mass. 542, 546 (1976). We hold the more natural reference for "such contract" in the fourth sentence is to the contract specified in the first sentence, namely, "an individual or group annuity contract."

In addition, we note that the defendants' construction appears to defeat the purpose of the 1980 amendment. Documentary evidence presented to the motion judge in support of the motions for summary judgment indicates that custodial accounts appear not to be available through "insurer[s] authorized to issue life insurance or annuity contracts in the commonwealth." Included among exhibits attached to the plaintiff's affidavit was a letter[3] from the First Deputy Commissioner of the Division of Insurance of the Commonwealth which

---

[3] No objection was made to the letter or other exhibits not in affidavit form accompanying the complaint and affidavits. This material, therefore, could be considered by the motion judge. See *Stetson* v. *Selectmen of Carlisle,* 369 Mass. 755, 763 n.12 (1976); *Stepan Chemical Co.* v. *Wilmington,* 8 Mass. App. Ct. 880 (1979).

states that the Division of Insurance does not have jurisdiction over such custodial accounts. Other exhibits from financial planners indicated an inability on their part to locate any insurance company which sponsors a § 403(b)(7) custodial account. In addition, an affidavit of an officer of the holding company for the Fidelity Group investment organization averred that he was unaware of any company authorized to sell insurance in Massachusetts which offers a § 403(b)(7) (custodial account) retirement plan. The affidavits and exhibits were not controverted, and the defendants have not even suggested that there are any insurers authorized to issue life insurance or annuity contracts in the Commonwealth who offer such custodial accounts. Thus, for purposes of the motion for summary judgment, it may be taken as uncontroverted either that insurers authorized to issue life insurance or annuity contracts do not issue the kind of custodial account permitted under § 403(b)(7) or that any such insurers that do issue these accounts are remarkably hard to locate. See *Community Natl. Bank* v. *Dawes,* 369 Mass. 550, 554 (1976). We cannot assume that the Legislature intended to preclude the investment it authorized.

Accordingly, we conclude that summary judgment was properly entered for the plaintiff and hold that G. L. c. 71, § 37B, does not require that custodial accounts authorized by the first sentence of that section be purchased from insurers authorized to issue life insurance or annuity contracts in the Commonwealth.

*Judgment affirmed.*