*673 OPINION OF THE COURT
David B. Saxe, J.
Defendant moves pursuant to CPLR 2221 for leave to reargue a prior motion to dismiss which this court granted on December 24, 1986 to the extent of dismissing plaintiffs fifth and sixth causes of action. Alternatively, defendant moves to dismiss plaintiff’s first and second causes of action for lack of subject matter jurisdiction and for summary judgment dismissing the third and fourth causes of action.
Renewal of the prior motion is improper since this motion is both untimely (Henegar v Freudenheim, 40 AD2d 825) and improperly raises issues for the first time which could have been raised on the initial motion (Simpson v Loehmann, 21 NY2d 990). The motion will therefore be considered on the alternative grounds proposed by defendant.
Plaintiff, a former employee of the defendant corporation, brings this action to redress racial discrimination. Plaintiff claims that she was discriminated against with respect to compensation, terms, conditions and privileges of employment and that she was illegally fired after filing a complaint with the New York State Division of Human Rights.
Plaintiff’s first two causes of action are brought pursuant to title VII of the Civil Rights of Act of 1964 and allege unlawful employment discrimination (42 USC § 2000e-2 [a]) and retaliation for filing a charge of discrimination (42 USC § 2000e-3 [a]).
Plaintiff’s third and fourth causes of action are based on alleged violations of the New York Human Rights Law (Executive Law § 296 [1] [a], [e]); employment discrimination and retaliation, respectively.
Defendant moves to dismiss the first and second causes of action on the grounds that a claim under title VII may not be brought in State court. Defendant also seeks to dismiss plaintiff’s third and fourth causes of action as barred under the provisions of section 297 (9) of the Executive Law since plaintiff did not file a disclaimer of her complaint with the State Commission of Human Rights.
New York courts have not addressed the issue as to whether a claim under title VII may be brought in State court. The language of the statute provides for the bringing of such actions in any Federal District Court.
Turning to other jurisdictions, authority is split. New Jersey courts have permitted title VII claims to be brought in State *674 courts. (See, Peper v Princeton Univ. Bd. of Trustees, 77 NJ 55, 389 A2d 465 [1978].) Similarly, Connecticut has allowed the action in State court. (See, Vason v Carrono, 31 Conn S 338, 330 A2d 98 [1974].) In Greene v County School Bd. (524 F Supp 43 [ED Va 1981]) the court found that the language of title VII neither expressly nor by necessary implication vests Federal court with exclusive jurisdiction. The court in Greene cited Brennun v Board of Governors (413 F Supp 1274 [D NJ]) for the proposition that title VII claims are actionable in State courts of general jurisdiction. Apparently, the theory behind this holding was that these courts have the power to exercise jurisdiction over cases arising under the Constitution, laws or treaties of the United States unless this power is expressly denied by Congress.
However, Brennun (supra) was overruled by the Court of Appeals, Third Circuit, in Bradshaw v General Motors Corp. (805 F2d 110 [3d Cir 1986]) which found that exclusive jurisdiction over title VII claims is in Federal court and that the filing of such actions in State court is a nullity. The Court of Appeals, Ninth Circuit, has also held that Federal courts possess exclusive jurisdiction over title VII actions (Dyer v Greif Bros., 766 F2d 398 [9th Cir 1985]).
After reviewing this authority, I am convinced that jurisdiction is intended to be exclusively Federal. The statute in providing for the bringing of a title VII claim in any "United States District Court”, implies that actions may be brought only in Federal courts. Our State courts have held, based on a virtually identical provision in the Racketeer Influenced and Corrupt Organizations Act (RICO) (18 USC § 1964 [c]), that jurisdiction to enforce the statute is exclusively Federal. (Greenview Trading Co. v Hershman & Leicher, 108 AD2d 468.) This is persuasive.
Defendant seeks to dismiss plaintiffs third and fourth causes of action on the grounds that Rodriguez v Altman & Co. (NYLJ, May 7, 1984, at 14, col 2 [Sup Ct, NY County]), cited by this court in its prior decision, required the plaintiff to file a "disclaimer” of his Division of Human Rights complaint.
Both the Rodriguez decision (supra) and my decision on the prior motion to dismiss were based upon section 297 of the Executive Law which states in pertinent part that "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropri-. *675 ate jurisdiction for damages and such other remedies as may be appropriate, unless such person had filed a complaint hereunder” (Executive Law § 297 [9] [emphasis added]). Had the plaintiff in either case personally filed a complaint with the Division of Human Rights, the action would be barred. However, when the Equal Employment Opportunity Commission (EEOC) refers a complaint to the Division of Human Rights on behalf of a grievant, the grievant is not prohibited from commencing a State court action involving the same claim.
In Rodriguez (supra), the plaintiff’s complaint was pending before the administrative agency at the same time that the lawsuit in State court was pending. Accordingly, the court conditioned maintenance of the court action on the plaintiff filing a disclaimer and withdrawing his administrative complaint. Here, the plaintiff withdrew her complaint the day after this suit was commenced. An additional "disclaimer” would be superfluous.
The defendant also argues that because of the lapse in time from the filing of the complaint with the EEOC until withdrawal of the complaint from the State Division, the plaintiff ratified and adopted the referral by the EEOC. As noted in the prior decision, the plaintiff had to wait at least 180 days without withdrawing any claim in order to be entitled to sue pursuant to EEOC regulations.
Accordingly, defendant’s motion is granted to the extent that plaintiff’s first and second causes of action are dismissed.