ETHEL BRUNSON *vs.* RICHARD WALL & others.[1]

Hampshire. May 4, 1989. — July 24, 1989.

Present: LIACOS, C.J., ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Civil,* Summary judgment. *Administrative Law,* Preclusive effect of decision, Regulations. *Collateral Estoppel. Massachusetts Commission Against Discrimination. Employment,* Discrimination. *Anti-Discrimination Law,* Termination of employment. *Jurisdiction,* Civil rights.

A decision of the Massachusetts Commission Against Discrimination concluding, after a full hearing, that the plaintiff was not the victim of racial discrimination in her employment and dismissing with prejudice her claim under G. L. c. 151B, § 4, was given preclusive effect to bar the plaintiff from maintaining a de novo civil action in Superior Court alleging violations of G. L. c. 151B, § 4 and 42 U.S.C. §§ 1981 & 1983 (1982) arising from the same factual situation. [448-451]

Sections 6 and 9 of G. L. c. 151B set out independent and alternative procedures for redress of claims of unlawful discrimination, between which a plaintiff must elect. [451-453]

Federal courts have exclusive jurisdiction to hear claims of employment discrimination under 42 U.S.C. § 2000e-5 (1982) (Title VII of the Civil Rights Act of 1964). [453-455]

CIVIL ACTION commenced in the Superior Court Department on October 9, 1987.

The case was heard by *John F. Murphy, Jr.,* J., on a motion for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Winston Kendall* for the plaintiff.

*William L. Pardee,* Assistant Attorney General, for the defendants.

---

[1] William Zimmer, Douglas Johnson, Donna LaBombard, William Jones, and the Department of Mental Health. The individuals all held supervisory positions within the Department of Mental Health.

LYNCH, J. The plaintiff appeals from the entry of summary judgment on her complaint which alleged, inter alia, violations of G. L. c. 151B, § 4 (1986 ed.)[2] (employment discrimination), 42 U.S.C. §§ 1981, 1983 (1982) (racial discrimination action for deprivation of rights), and 42 U.S.C. § 2000e-5 (1982) (Title VII of the Civil Rights Act of 1964) (employment discrimination). Prior to instituting the present action, the plaintiff filed a complaint with the Massachusetts Commission Against Discrimination (MCAD), alleging that her employer, the Belchertown State School (school), committed a prohibited practice, as defined in G. L. c. 151B, § 4, in that it discriminated against her in the terms and conditions of her employment based on her race and color. A hearing commissioner of the MCAD conducted a full adjudicatory hearing, issued findings and rulings, and dismissed the plaintiff's complaint with prejudice, concluding that the plaintiff was not the victim of racial discrimination. The plaintiff did not seek judicial review of the MCAD's decision. Instead, the plaintiff filed the present action in the Superior Court seeking to litigate her allegations of discrimination de novo. In granting the defendants' motion which sought either summary judgment or dismissal, the judge concluded that relitigation of all the plaintiff's claims, except her Title VII claim, was precluded by the MCAD decision. The judge also dismissed the plaintiff's Title VII claim, concluding that the Superior Court lacked subject matter jurisdiction since such a claim was within the exclusive jurisdiction of the Federal courts.[3] We transferred the matter here on our own motion and affirm the entry of judgment in favor of the defendants.

---

[2] Section 4 has since been amended. See St. 1987, c. 270, §§ 1, 2, and c. 773, § 11. These amendments, however, are not relevant to the issues presented on appeal.

[3] The order granting summary judgment in favor of the defendants states that summary judgment must be granted because the court lacks subject matter jurisdiction to hear a claim under 42 U.S.C. § 2000e. However, dismissal because of a lack of subject matter jurisdiction is pursuant to Mass. R. Civ. P. 12 (b) (1), 365 Mass. 754 (1974), and not Mass. R. Civ. P. 56.

1. *Standard for summary judgment.* Rule 56 of the Massachusetts Rules of Civil Procedure, 365 Mass. 824 (1974), provides that a judge shall grant a party's motion for summary judgment if (1) there is no genuine issue of material fact, and (2) the moving party is entitled to a judgment as a matter of law. Mass. R. Civ. P. 56 (c). See *Attorney General* v. *Bailey*, 386 Mass. 367, 370-371, cert. denied, 459 U.S. 970 (1982); *Community Nat'l Bank* v. *Dawes*, 369 Mass. 550, 554 (1976). The material facts pertinent to determining the correctness of the entry of summary judgment are not disputed. The plaintiff acknowledges that the MCAD rendered a final decision on her complaint charging racial discrimination, and that she chose not to appeal that decision under G. L. c. 151B, § 6, as amended by St. 1987, c. 465, § 38.[4] Thus, the issue before us is whether the judge correctly concluded that the MCAD decision precluded the plaintiff from relitigating her claims de novo in the Superior Court.

2. *Issue preclusion.* The plaintiff contends that the motion judge erred in granting summary judgment[5] because Federal law does not give preclusive effect to unreviewed State administrative agency decisions. The plaintiff also argues that G. L. c. 151B (1986 ed.) grants alternative remedies to parties aggrieved by an MCAD decision: judicial review under § 6 and a de novo trial under § 9. We reject each of the plaintiff's arguments.

---

[4] The plaintiff does argue, however, that, since the copy of the MCAD decision submitted in support of the defendants' motion for summary judgment was not certified, it was not in proper form and thus should not have been considered by the motion judge. See Mass. R. Civ. P. 56 (e). However, the plaintiff fails to point to anything in the record that would indicate that she moved to strike the allegedly defective portion of the defendants' motion and supporting documents. Therefore, the copy of the MCAD decision was properly considered by the motion judge. *Stetson* v. *Selectmen of Carlisle*, 369 Mass. 755, 763 n.12 (1976). *Sullivan* v. *Worcester*, 18 Mass. App. Ct. 360, 362 n.3 (1984).

[5] The plaintiff's brief does not address the dismissal of her claims for breach of contract or emotional distress. She also fails to discuss the claims based upon her rights under the First Amendment to the United States Constitution and a denial of due process. These claims, therefore, are considered waived. See Mass. R. A. P. 16 (a) (4), as amended by 367 Mass. 919 (1975); *Anthony's Pier Four, Inc.* v. *Crandall Dry Dock Eng'rs, Inc.*, 396 Mass. 818, 821 n.4 (1986).

In *University of Tenn.* v. *Elliott*, 478 U.S. 788, 790 (1986), the Supreme Court had to decide whether an unreviewed State administrative decision was entitled to preclusive effect in Federal court where a party filed discrimination claims under both the Reconstruction era civil rights statutes and Title VII. There, the Court held that "the language and legislative history of Title VII" indicate that "Congress did not intend unreviewed state administrative proceedings to have preclusive effect on Title VII claims." *Id.* at 796. However, with respect to the Reconstruction era civil rights statutes, the Court held that, "when a State agency 'acting in a judicial capacity . . . resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate,' . . . federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts" (citation omitted). *Id.* at 799. Thus, the plaintiff's claims under §§ 1981 and 1983 are precluded by the MCAD decision if that decision would be accorded preclusive effect under the law of the Commonwealth.[6]

We have held that the " 'judicial doctrine of issue preclusion, also known as collateral estoppel, provides that "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, . . . the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." ' " *Martin* v. *Ring*, 401 Mass. 59, 61 (1987), quoting *Fireside Motors, Inc.* v. *Nissan Motor Corp. in U.S.A.*, 395 Mass. 366, 372 (1982). Ordinarily to preclude relitigation of an issue there must exist "identity of cause of action and issues, the same parties, and judgment on the merits by a court

---

[6] The fact that the plaintiff brought her claims in State court rather than in Federal court does not affect the application of the preclusion rule set out in the *Elliott* case. The *Elliott* case established the preclusive effect of unreviewed State administrative decisions on the Reconstruction era civil rights statutes regardless whether the claims are brought in Federal or State court. See generally *Felder* v. *Casey*, 487 U.S. 131, 150-153 (1988) (outcome of federally created claim should not depend on whether claim was brought in Federal or State court). See also *id.* at 155-156 (White, J., concurring) (State courts must apply Federal rule to Federal claim in State courts even though State rule would be more liberal to claimant).

of competent jurisdiction."[7] *Almeida* v. *Travelers Ins. Co.*, 383 Mass. 226, 229 (1981), quoting *Franklin* v. *North Weymouth Coop. Bank*, 283 Mass. 275, 280 (1933). See *Martin* v. *Ring, supra* at 61. Cf. *Harker* v. *Holyoke*, 390 Mass. 555, 560-561 (1983). However, "[i]n certain circumstances, mutuality of parties is not required." *Martin* v. *Ring, supra* at 61. Applying these requirements, the motion judge correctly concluded that the MCAD decision should be given preclusive effect.

First, the MCAD qualifies as a "court of competent jurisdiction" because it is "a tribunal recognized by law as possessing the right to adjudicate the controversy." *Almeida* v. *Travelers Ins. Co., supra* at 230. See *Martin* v. *Ring, supra* at 61. General Laws c. 151B, § 3 (6) and (7), clearly indicate that the Legislature gave the MCAD the authority to adjudicate discrimination claims.[8] See *East Chop Tennis Club.* v. *Massachusetts Comm'n Against Discrimination*, 364 Mass. 444, 446-447 (1973).

Second, the findings set forth in the MCAD decision describe, in detail, the substance of the plaintiff's claim that she was the victim of racial discrimination. These findings demon-

---

[7] These are the same requirements used to determine the preclusive effect accorded to judicial decisions. See *Franklin* v. *North Weymouth Coop. Bank*, 283 Mass. 275, 280 (1933). Using this test we have given preclusive effect to administrative decisions. See *Martin* v. *Ring, supra* at 61-62 (giving preclusive effect to decision of Industrial Accident Board in subsequent tort action); *Almeida* v. *Travelers Ins. Co.*, 383 Mass. 226, 230 (1981) (giving preclusive effect to a determination by the Board of Appeal on Motor Vehicle Liability Policies and Bonds).

[8] General Laws c. 151B, § 3 (6), authorizes the MCAD "[t]o receive, investigate and pass upon complaints of unlawful practices, as hereinafter defined, alleging discrimination because of race, color, religious creed, national origin, sex, age, ancestry or handicap of any person alleging to be a qualified handicapped person. . . ." Section 3 (7) authorized the MCAD "[t]o hold hearings, subpoena witnesses, compel their attendance, administer oaths, take the testimony of any person under oath, and in connection therewith, to require the production for examination of any books or papers relating to any matter under investigation or in question before the commission." Section 5 specifies the procedures to be followed by the commission in investigating and settling complaints, including formal adjudicatory proceedings.

strate that the MCAD decided the underlying allegations of racial discrimination raised by the plaintiff's complaint in this action.[9] The decision indicates that the actions of both the plaintiff's supervisors and those she supervised, as well as the plaintiff herself during the relevant time period, were considered by the hearing officer. Thus, there was no error in the motion judge's conclusion that the defendants established the necessary element of identity of issues. *Almeida* v. *Travelers Ins. Co., supra* at 229.

Lastly, although the complaint before the MCAD was directed only at the plaintiff's employer, the Belchertown State School, the individual defendants named in this action nevertheless are entitled to raise as a defense the MCAD decision. "The standard generally applied to determine whether to preclude a party from relitigating an issue with a person not a party in the earlier action is whether the party 'lacked full and fair opportunity to litigate the issue in the first action or other circumstances justify affording him an opportunity to relitigate the issue.'" *Fidler* v. *E. M. Parker Co.*, 394 Mass. 534, 541 (1985), quoting Restatement (Second) of Judgments § 29 (1982). See *Martin* v. *Ring, supra* at 61, and cases cited. While the individual defendants were not named parties in the MCAD proceeding, their conduct was at issue. The MCAD's decision indicates that the commission concluded that the actions of the individual defendants were not based on the plaintiff's race or color. In these circumstances, the motion judge did not err in concluding that the plaintiff is precluded from relitigating the issue against the individual defendants.

The fact that the plaintiff chose not to seek judicial review of the MCAD decision pursuant to § 6 does not change our view.

[9] The fact that, in her complaint in the Superior Court, the plaintiff advanced different theories of liability (Reconstruction era civil rights statutes) from what she presented to the MCAD does not aid her case. Simply pursuing a different form of liability cannot prevent collateral estoppel's bar to relitigation if the new theories "grow[ ] out of the same transaction, act, or agreement and seek[ ] redress for the same wrong." *Mackintosh* v. *Chambers*, 285 Mass. 594, 596 (1934). See *Fassas* v. *First Bank & Trust Co.*, 353 Mass. 628, 629-630 (1968); *Isaac* v. *Schwartz*, 706 F.2d 15, 17 (1st Cir. 1983).

General Laws c. 151B does not give parties aggrieved by an MCAD decision an election between judicial review pursuant to § 6 and a de novo hearing pursuant to § 9. On the contrary, the statutory scheme indicates that "[t]here are two largely independent avenues for redress of violations of the anti-discrimination laws of the Commonwealth, one through the MCAD (G. L. c. 151B, §§ 5-6), and the other in the courts (G. L. c. 151B, § 9)." *Christo* v. *Edward G. Boyle Ins. Agency, Inc.*, 402 Mass. 815, 817 (1988). See *Carter* v. *Supermarkets Gen. Corp.*, 684 F.2d 187, 190-191 (1st Cir. 1982).

General Laws c. 151B, § 9, provides that a party may file an action in court ninety days after the filing of a complaint with the MCAD,[10] and that, if a party chooses to do so, the complaint before the MCAD will be dismissed "and the [party] shall be barred from subsequently bringing a complaint on the same matter before the Commission." See *Christo* v. *Edward G. Boyle Ins. Agency, Inc., supra.* Section 6 vests the Superior Court with power to review and enforce an MCAD decision issued pursuant to § 5. By providing for judicial review of MCAD decisions, and by foreclosing agency action once a party has sought a judicial remedy pursuant to § 9, the Legislature signaled its intent that the parties would be bound by an MCAD decision, subject only to judicial review.[11]

The MCAD also interprets G. L. c. 151B, as foreclosing judicial suit pursuant to § 9 once a party invokes the formal administrative process. By regulation, the MCAD makes clear that a complainant may obtain a formal agency hearing only as an alternative to a judicial action under § 9. See 804 Code Mass. Regs. § 1.13(2)(d) (1987). As the interpretation of the agency with primary responsibility for administering c. 151B,

[10] If a commissioner assents in writing, a party need not wait the full ninety days before filing a complaint in the Superior Court or Probate Court. G. L. c. 151B, § 9.

[11] It would be unreasonable for us to conclude that the Legislature would require that an aggrieved party seeking judicial review pursuant to § 6 must do so within thirty days after the service of the MCAD's order, G. L. c. 151B, § 6, while providing the plaintiff, as an alternative, the right to file a de novo action subject to a three-year statute of limitations. G. L. c. 151B, § 9.

the view embodied in the regulation is entitled to substantial deference. *Rock* v. *Massachusetts Comm'n Against Discrimination*, 384 Mass. 198, 204 (1981). Considering, "the strong and oft-stated public policy of limiting each litigant to one opportunity to try his case on the merits," *Haran* v. *Board of Registration in Medicine*, 398 Mass. 571, 575 (1986), quoting *Home Owners Fed. Sav. & Loan Ass'n* v. *Northwestern Fire & Marine Ins. Co.*, 354 Mass. 448, 455 (1968), we agree with the MCAD's view and conclude that, since the plaintiff chose to pursue the administrative remedy before the commission, she cannot invoke the alternative remedy afforded by § 9.[12] Cf. *Bergeron* v. *Superintendent, Walter E. Fernald State School*, 353 Mass. 331, 333 (1967) (requiring election between administrative remedy before Civil Service Commission and immediate suit in court.)

3. *Title VII jurisdiction.* In dismissing the plaintiff's Title VII claim, the motion judge concluded that "[j]urisdiction to hear such a claim rests exclusively with the federal courts." The plaintiff relies on the presumption that State courts have concurrent jurisdiction with Federal courts to hear Federal claims to dispute the judge's ruling. We conclude that there was no error.

The United States Supreme Court, in *Kremer* v. *Chemical Constr. Corp.*, 456 U.S. 461, 479 n.20 (1982), noted, but did not decide, the issue whether State courts have concurrent jurisdiction to hear Title VII claims. In *Valenzuela* v. *Kraft, Inc.*, 739 F.2d 434 (9th Cir. 1984), the United States Court of Appeals for the Ninth Circuit, after examining Title VII's terms, legislative history, and relevant Supreme Court precedent concluded "that Title VII actions must be brought exclu-

---

[12] The plaintiff argues that, if she is precluded from litigating her claims de novo, it will discourage persons from seeking relief before the MCAD. We disagree. Before conducting a formal adjudicatory hearing, the MCAD investigates complaints and attempts reconciliation between the parties. See G. L. c. 151B, § 5. Neither the MCAD preliminary investigation nor attempted reconciliation precludes a complainant from deciding ultimately to file an action under § 9. Only when the MCAD's proceedings reach the stage of a formal adjudicatory hearing must the complainant make an election between the administrative and judicial remedies.

sively in federal courts." *Id.* at 436. The court found particularly relevant Title VII's provisions that appeals under Title VII are to Federal circuit courts and that certain court orders must be issued in accordance with the Federal rules of civil procedure. *Id.* at 435-436. The court concluded that these provisions of Title VII "unmistakably imply that Congress intended to accord the federal courts exclusive jurisdiction over Title VII actions." *Id.* at 436.

The clear majority of Federal courts adopt the view that Federal courts have exclusive jurisdiction over Title VII actions. See, e.g., *Bradshaw* v. *General Motors Corp.*, 805 F.2d 110, 112 (3d Cir. 1986); *Jones* v. *Intermountain Power Project*, 794 F.2d 546, 552-553 (10th Cir. 1986); *Varela* v. *Morton/ Southwest Co.*, 681 F. Supp. 398, 400 (W. D. Tex. 1988); *Glezos* v. *Amalfi Ristorante Italiano, Inc.*, 651 F. Supp. 1271, 1277 (D. Md. 1987).[13] Several State courts which have addressed this issue also have concluded that jurisdiction over Title VII actions rests with the Federal courts. See, e.g., *Retired Pub. Employees Ass'n of Cal.* v. *Board of Admin. of the Pub. Employees' Retirement Sys.*, 184 Cal. App. 3d 378, 384-385 (1986); *Flournoy* v. *Akridge*, 189 Ga. App. 351, 352 (1988); *Minor* v. *Michigan Educ. Ass'n*, 127 Mich. App. 196, 203-204 (1983); *Scott* v. *Carter Wallace, Inc.*, 137 Misc. 2d 672 (N.Y. Sup. Ct. 1987); *Fox* v. *Eaton Corp.*, 48 Ohio St. 2d 236, 237 (1976).

In the absence of a ruling from the Supreme Court to the contrary, and given the clear weight of authority against concurrent jurisdiction, we also adopt the view of *Valenzuela* v. *Kraft, Inc.*, *supra*, that Federal courts have exclusive jurisdiction over Title VII actions.

---

[13] The plaintiff cites *Greene* v. *County School Bd. of Henrico County*, 524 F. Supp. 43 (E.D.Va. 1981), and *Bennun* v. *Governors of Rutgers*, 413 F. Supp. 1274 (D.N.J. 1974), in support of her argument that State courts exercise concurrent jurisdiction over Title VII claims. However, the *Greene* case relies almost exclusively on the reasoning of the *Bennun* case and the *Bennun* case cannot be regarded as authoritative in light of the decision of the Third Circuit Court of Appeals in *Bradshaw* v. *General Motors Corp.*, *supra*.

4. *Conclusion.* Accordingly, we conclude that, since the plaintiff chose to litigate her racial discrimination claims before the MCAD, she was bound by the result subject only to her right to judicial review pursuant to G. L. c. 151B, § 6. Also, the motion judge correctly concluded that the MCAD was a court of competent jurisdiction, that there was a final decision by the MCAD on a substantially identical claim, and that the individual defendants in this case should be able to raise the MCAD decision as a bar. Finally, the motion judge did not err in concluding that jurisdiction over Title VII claims rests exclusively with the Federal courts.

*Judgment affirmed.*