Lauriat, J.
The plaintiff, the estate of Lillian Janowicz, brought this action against the Massachusetts State Lottery Commission (“Commission”) to recover damages for the Commission’s failure to honor the terms of a prize award letter. The plaintiff asserts that the Commission’s actions constitute a breach of contract, or in the alternative, provide grounds for estoppel, and violate G.L.c. 93A. The Commission has moved to dismiss the plaintiffs complaint, pursuant to Mass.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief may be granted. For the reasons which follow, the defendant’s motion to dismiss is allowed.
BACKGROUND
On November 19, 1975, Lillian Janowicz (“Janowicz”) won the top prize in the Commission’s Yankee Doodle Dollars Second Chance grand prize drawing. The game rules on the lottery ticket provided for a grand prize of $1,776 per month for life, a minimum of twenty years.[1] Shortly thereafter, Janowicz received a prize award letter from the then Executive Director of the Commission, William E. Perrault (“Perrault”), dated November 19, 1975, which stated in relevant part that “(y]ou are hereby guaranteed by the Commonwealth of Massachusetts the payment of $1776 a month for life (minimum payment of $1,000,000).” From November 19, 1975 until Janowicz’s death on December 15, 1991, the Commission sent her monthly payments of $1,776.
After Janowicz’s death, the plaintiff filed a claim with the Executive Director of the Commission, pursuant to 961 CMR 2.38(4), to enforce the award as described in the November 19,1975 prize award letter. The Executive Director denied the plaintiffs claim. On September 23, 1993, the plaintiff had an informal hearing with the Executive Director of the Commission, pursuant to 961 CMR 2.38(5), to discuss its grievances and a reconsideration of its claim. On September 30, 1993, the Executive Director affirmed his denial of the plaintiffs claim. The plaintiff then appealed the Executive Director’s decision to the Commission, pursuant to 961 CMR 2.38(4) and G.L.c. 30A. On January 26, 1994, a hearing was held before a designated hearing officer for the Commission. On April 25, 1994, the hearing officer issued his findings and rulings and denied the plaintiffs appeal. The hearing officer found that the award was properly $1,776 per month, for a minimum of twenty years. The hearing officer further found that “William Perrault made an error in his letter of November 1975. That error is unfortunate but not binding.” (R. 8.) Finally, the hearing officer found that the rules of the Yankee Doodle game, as listed on the ticket, were binding on the plaintiff. (R. 8.) On May 12, 1994, the hearing officer’s decision was adopted and affirmed by the Commission. On June 13, 1994, the plaintiff commenced the present action alleging breach of contract (Count A), estoppel (Count B), and violation of G.L.c. 93A (Count C). The plaintiff also seeks judicial review of the Commission’s decision pursuant to G.L.c. 30A. The Commission has moved to dismiss Counts A, B, and C of the plaintiffs complaint.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. The “complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Charbonnier v. Amico, 367 Mass. 146, 152 (1975); Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
*608 I.
The plaintiff alleges that the Commission breached a valid and binding contract with Janowicz in failing to fulfill its alleged obligation under the Perrault letter. The Commission asserts that the plaintiff is barred from adjudicating de novo the issue of whether the Commission entered into a contract with Janowicz, because the plaintiffs claim relies on the same core of facts as the plaintiffs request for G.L.c. 30A review of the administrative finding.
The “judicial doctrine of issue preclusion, also known as collateral estoppel, provides that ‘[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, . . . the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.’ ” Martin v. Ring, 401 Mass. 59, 61 (1987), quoting Fireside Motors, Inc. v. Nissan Motor Corp. in U.S.A., 395 Mass. 366, 372 (1982). To preclude relitigation of an issue there must exist “identity of cause of action and issues, the same parties, and judgment on the merits by a court of competent jurisdiction.” Brunson v. Wall, 405 Mass. 446, 450 (1989), quoting Franklin v. North Weymouth Coop. Bank, 283 Mass. 275, 280 (1933). Using this test, administrative decisions have been given preclusive effect. See Brunson, supra at 450-51 (giving preclusive effect to MCAD decision in de novo civil action in Superior Court alleging violation of G.L.c. 151B, §4, and 42 U.S.C. §§1981 and 1983 arising from the same factual situation); Martin, supra at 61-62 (giving preclusive effect to decision of Industrial Accident Board in subsequent tort action); Almeida v. Travelers Ins. Co., 383 Mass. 226, 230 (1981) (giving preclusive effect to a determination by the Board of Appeal on Motor Vehicle Liability Policies and Bonds).
The Commission qualifies as a “court of competent jurisdiction” because it is “a tribunal recognized by law as possessing the right to adjudicate the controversy.” Brunson, supra at 450, quoting Almeida, supra at 230. Both G.L.c. 10, §24[2] and G.L.c. 30A authorize the Legislature the Commission to adjudicate lottery disputes.
The adjudicatory findings and rulings adopted by the Commission address the substance of the plaintiffs breach of contract claim. The Commission found that “Perrault had no unilateral, statutory, regulatory, or apparent authority to change the rules of the game via a letter to the winner.” (R. 8.) The Commission further found that Perrault’s error was “not binding” on the Commission. (R. 8.) Finally, the Commission found that “the rules of the Yankee Doodle Game are binding on the Estate of Lillian Janowicz and the Director’s denial of prize payments beyond the twentieth year is affirmed.” (R. 8.) Although the Commission did not address “breach of contract” explicitly, the Commission’s decision that Perrault’s letter is not binding meets the substance of the plaintiffs breach of contract claim.
The court must “give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred on it.” G.L.c. 30A, §14(7). Therefore, the court concludes that the administrative decision regarding the enforceability of Perrault’s letter precludes the plaintiff from obtaining a review by trial de novo of the identical issue in this court. Accordingly, the Commission is entitled to a dismissal of Count A (Breach of Contract) of the plaintiffs complaint.
II.
The plaintiff asserts that, even if Perrault was in error when he issued the prize award letter, the Commission should be estopped from avoiding its obligations under the letter due to its failure to take any corrective action for more than fifteen years. The doctrine of promissory estoppel states, “A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.” McAndrew v. School Committee of Cambridge, 20 Mass.App.Ct. 356, 363 (1985), quoting Restatement (Second) of Contracts §90(1) (1981).
“Massachusetts law disfavors applying waiver and estoppel to governmental bodies in the exercise of their general duties.” Freetown v. Zoning Board of Appeals of Dartmouth, 33 Mass.App.Ct. 415, 420 (1992). Even if the court were inclined to apply estoppel to the Commission, the plaintiff has not established that Janowicz altered her conduct in reliance on the Commission’s alleged promise that her award was in the amount of one million dollars. As the Commission asserts, Janowicz had no reason to modify her behavior because she continued to receive $1,776 per month throughout her life.[3] Having failed to demonstrate detrimental reliance, the court concludes that the plaintiff has not alleged facts sufficient to support a claim for estoppel. The Commission is therefore entitled to a dismissal of Count B (Estoppel) of the plaintiffs complaint.
III.
The plaintiff asserts that the Commission’s actions constitute unfair and deceptive trade practices in violation of G.L.c. 93A. The Commission contends that, as a governmental entity, it is immune from suit under G.L.c. 93A.
The Commonwealth cannot be impleaded in its own courts without its consent, and when consent is granted, the Commonwealth can be impleaded only in the manner and to the extent expressed. Woodbridge v. Worcester Hospital, 384 Mass. 38, 42 (1981). Consent to be sued “must be expressed by the terms of the statute, or appear by necessary implication from *609 them.” Id. Chapter 93A imposes liability only upon “persons” who are defined as “natural persons, corporations, trusts, partnerships, incorporated or unincorporated associations, and any other legal entity.” G.L.c. 93A, §l(a). Chapter 93A therefore “contains no explicit indication that governmental entities are to be liable under its provisions.” United States Leasing v. Chicopee, 402 Mass. 228, 232 (1988).
The Commonwealth has not implicitly consented to be sued under the statute. If the wrong to be prevented by the statute is of a “sufficiently searing quality,” the State’s consent to be sued will be implied. Kilbane v. Human Services, 14 Mass.App.Ct. 286, 288 (1982); see also Attorney General v. Woburn, 322 Mass. 634, 637 (1948) (municipality within purview of statute designed to protect public health). Chapter 93A was designed to provide “a more equitable balance in the relationship of consumers to persons conducting business activity.” Levings v. Forbes & Wallace, Inc., 8 Mass.App.Ct. 498, 501 (1979), quoting Commonwealth v. DeCotis, 366 Mass. 234, 238 (1974). Chapter 93A was later amended by Chapter 614, §2 of the Statutes of 1972 to give competitors the same rights as consumers. Levings v. Forbes, supra at 501. No Massachusetts court has found that unfair or deceptive business practices is a wrong of a “sufficiently searing quality” to imply the State’s consent to be sued under G.L.c. 93A.
Further, in Commonwealth v. Elm Laboratories, 33 Mass.App.Ct. 71 (1992), the Appeals Court declared that it is “highly unlikely” that the Legislature intended to create a system of “unlimited and unconditional liability” by implication, when in other contexts the Legislature has specifically enacted a “carefully arranged scheme of limited and conditional liability for the Commonwealth.” Elm Laboratories, supra at 79 (Commonwealth is not a “person” within meaning of State Civil Rights Act). The Massachusetts Tort Claims Act, G.L.c. 258, specifically immunizes public employers from intentional tort claims. As the Commission contends, it therefore would be illogical to suggest that when the Legislature enacted c. 93A, the Legislature intended to subject the Commonwealth to multiple damages for a broad range of intentional conduct, including fraud and deceit. Accordingly, the court concludes that the Commission, as a governmental entity, is immune from suit under G.L.c. 93A. The Commission is entitled to a dismissal of Count C (Violation of 93A) of the plaintiffs complaint.
ORDER
For the foregoing reasons, the Defendant Massachusetts State Lottery Commission’s Motion to Dismiss Counts A, B, and C of the Complaint is ALLOWED.

 The Yankee Doodle Game newspaper advertisements and the Commission’s letters to its sales agents also described the grand prize as $1,776 for life, a minimum of twenty years.

 G.L.c. 10, §24 states in relevant part,
The commission shall have the power to issue subpoenas to compel the attendance of witnesses and the production of documents, papers, books, records and other evidence before it in any matter over which it has jurisdiction, control or supervision. The commission . . . shall determine the types of lottery or lotteries to be conducted, the price, or prices, of tickets or shares in the lottery, the numbers and sizes of the prizes on the winning tickets or shares, the manner of selecting the winning tickets or shares, the frequency of drawings or selections of winning tickets or shares, and the type or types of locations at which tickets or shares may be sold, and all other matters authorized by law.

 At oral argument, the plaintiff asserted that Janowicz may have relied on the award letter in planning her estate. Because Janowicz died intestate, the plaintiffs assertion is without support in the record.