Kottmyer, J.
This is an action pursuant to G.L.C. 151B, §9. Defendant has moved for summaryjudgment or, in the alternative, to dismiss Count II. For the reasons stated herein, the motion for summary judgment is denied and the motion to dismiss Count II is granted. In this case, plaintiff, who was employed as an Assistant Manager at Kappy’s Liquors in Fitchburg, MA, alleges the following facts: Due to a back injury he was subject to a 50 lb. lifting restriction, which constituted a reasonable accommodation. On September 13, 1991, his supervisor ordered him to lift a weight in excess of the restriction. He reinjured his back while attempting to do so, and reported the injury to his supervisor. He continued to work for the next several days in severe pain and walking with a limp. On September 17, 1991, four days after the injury, the defendant fired the plaintiff stating that defendant “was not doing his job properly.” Plaintiff had previously received good performance reviews and pay raises and had just returned from a two-week vacation with a bonus.
The plaintiff filed a timely claim with the Massachusetts Commission Against Discrimination (“MCAD”). On March 31, 1992, the MCAD found probable cause and on June 16, 1992, certified the matter for a public hearing. On February 28, 1994, the MCAD ordered the plaintiff to comply with the MCAD’s prior discovery order dated April 27, 1993 within 10 days. The February 28th order provided: [I]f the Respondent and the Commission do not receive the requested documents within the stated time period, the Complaint will be dismissed." (Emphasis added.)
On March 14, 1994, after the ten-day period had expired, the plaintiff filed his complaint in this action pursuant to G.L.c. 15IB, §9. In Count I, plaintiff claims that defendant intentionally discriminated against him by terminating his employment because of his handicap. In Count II, plaintiff claims that defendant intentionally violated the conditions of plaintiffs reasonable accommodation by directing him to retrieve a keg of beer weighing approximately one hundred and fifty pounds. On April 6, 1994, the MCAD issued an order dismissing the MCAD complaint with prejudice based on plaintiffs failure to comply with discovery orders.
In support of his motion for summary judgment, the defendant argues that it is entitled to summary judgment for two reasons: 1) the plaintiff is precluded from litigating his handicap discrimination in employment claim de novo in the Superior Court because the MCAD dismissed the claim with prejudice; and 2) Count II fails to state a claim in which relief may be granted and is barred by the exclusivity provisions of the Workmen’s Compensation Act.
1. The Effect of the Dismissal With Prejudice
Defendant relies on Bmnson v. Wall, 405 Mass. 446 (1989), in support of its contention that this action is barred by the MCAD’s dismissal with prejudice of the plaintiffs claim. In Brunson, however, the MCAD had conducted a full adjudicatory hearing, issued findings and rulings and dismissed the plaintiffs complaint with prejudice before a complaint was filed in the Superior Court. The plaintiff had not sought judicial review of the MCAD decision pursuant to G.L.c. 151B, §6. Applying principles of collateral estoppel, the Court in Brunson held that the plaintiff in that case was precluded from relitigating issues which had been fully litigated before the MCAD. The present case differs from Brunson in two critical respects. First, in this case there was no hearing on the merits at the MCAD. Second, plaintiff filed a complaint in the Superior Court before the claim was dismissed with prejudice by the MCAD.
The defendant reads Brunson too broadly. It asserts that Brunson required the defendant to withdraw from the administrative process before the complaint had been certified for hearing and before plaintiff was under a sanctions order. As stated above, the holding in Brunson was predicated on the fact that the MCAD had held a formal adjudicatory hearing at which the discrimination claims underlying plaintiffs complaint were decided. Brunson, 405 Mass. at 450-51 and n. 12. MCAD regulations do not require a claimant to waive his judicial remedy until commencement of the administrative hearing. 804 CMR1:13(2) (e). Moreover, the case was filed in the Superior Court before the MCAD issued a order dismissing the claim with prejudice. The motion for summary judgment is denied.
II. Motion To Dismiss Count II.
In Count II, plaintiff alleges that the defendant “intentionally violated the conditions of plaintiffs reasonable accommodation,” i.e., that he not lift weights in excess of 50 lbs., as a result of which he suffered a permanent and disabling back injury. Defendant has moved to dismiss Count II on grounds that it fails to state a claim on which relief may be granted and is barred by the exclusivity provisions of the Workmen’s Compensation Act.
Chapter 15IB, §9 creates a cause of action for damages in favor of “any person claiming to be aggrieved by a practice made unlawful under this chapter.” G.L.c. 151B, §4(16) provides in pertinent part:
*262 [I]t shall be unlawful for an employer ... to dismiss from employment, refuse to hire, rehire, advance in employment, or otherwise discriminate against, because of his handicap, any person capable of performing, the essential function of the position involved with reasonable accommodation. (Emphasis added.)
Accepting the allegations of the complaint as true, the question presented is whether G.L.c. 15IB, §9 creates a cause of action for personal injury suffered when a supervisor on a single occasion directed an employee to lift a weight in excess of the limit established as a reasonable accommodation to the employee. None of the unlawful practices specified in G.L.c. 151B, §9, e.g., discrimination in hiring, rehiring and promoting, is alleged in Count II. Nor can plaintiff rely on the provision in G.L.c. 151B, §4(16) making it an unlawful practice to “otherwise discriminate against [an employee or prospective employee] because of his handicap.” The principle of ejusdemgene-ris requires that general terms which follow specific ones be limited to matters similar to those specified. United States v. Powell, 423 U.S. 87, 91 (1975); Powers v. Freetown-Lakeville Regional School Committee, 392 Mass. 656, 660 and n.8 (1984); Haas v. Breton, 377 Mass. 591, 595 (1979). The specific terms in Section 4(16) have in common that they are decisions relating to employment status. Compare G.L.c. 151B, §(1); College Town Division of Intero, Inc., v. MCAD, 400 Mass. 156, 162 (1987). Had the plaintiff refused to comply with the alleged direction and the employer demoted the plaintiff or taken other action which had a negative impact on plaintiffs status as an employee, a claim would be stated (assuming, of course, that the direction violated a condition of reasonable accommodation) . No such allegation is made here.
Although designated a claim pursuant to G.L.c. 15IB, §9, plaintiffs claim in Count II is, in essence, a tort claim for personal injuries sustained in the course of employment. It is undisputed that plaintiff applied for and received benefits under the Workmen’s Compensation Act in connection with this injury. The Workmens’ Compensation Act provides the exclusive remedy for personal injuries suffered in the course of employment. G.L.c. 152, §24(6).[1]
Because the plaintiff has not alleged an unlawful practice with the meaning of subsection 4(16) of G.L.c. 15 IB, and because the claim is barred by the exclusivity provisions of the Workmen’s Compensation Act, the motion to dismiss Count II is allowed.
Conclusion
For the reasons stated herein, the defendant’s motion for summary judgment is DENIED. The motion to dismiss Count II is ALLOWED.

The aggravation of a pre-existing injury is a personal injury within the meaning of the Act. McMurray’s Case, 331 Mass. 29, 32 (1954).