Anthony ERRICHETTI

v.

## MASSACHUSETTS WATER RESOURCES AUTHORITY

No. CIV.A.03–CV11118RGS.

United States District Court, D. Massachusetts.

Jan. 29, 2004.

---

Matthew Cobb, Law Firm of Matthew Cobb, Boston, MA, for Anthony Errichetti, Plaintiff.

Bonnie M. Gillespie–Perry, Massachusetts Water Resources Authority, Charlestown, MA, for Massachusetts Water Resources Authority, Defendant.

### MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

STEARNS, District Judge.

On June 10, 2003, Anthony Errichetti brought suit in the federal district court alleging that his employer, the Massachusetts Water Resources Authority (MWRA), had discriminated against him because of his age. Errichetti also accused the MWRA of retaliating against him for having filed a series of dual charges with the Equal Employment Opportunity Commission (EEOC) and the Massachusetts Commission Against Discrimination (MCAD). On September 26, 2003, the MWRA filed a motion to dismiss, or in the alternative for summary judgment, arguing that Title VII, 42 U.S.C. § 2000C–2(e), the statutory basis for the lawsuit cited by Errichetti in the Amended Complaint, does not authorize a cause of action based on age discrimination.[1] The MWRA also contends that Errichetti failed to exhaust his administrative remedies before filing suit. Finally, the MWRA maintains that a specific instance of alleged discrimination set out in Paragraph 13 of the Amended Complaint is time-barred. A

---

1. As both parties incorporate EEOC and MCAD documents in their pleadings and have complied with Fed.R.Civ.P. 56.1, the court will treat the MWRA's motion as a motion for summary judgment.

hearing was held on the motion on January 23, 2004.

The administrative prologue to the Amended Complaint is complicated by Errichetti's serial charge filings, all but one of which were eventually abandoned. On December 1, 1997, Errichetti filed dual charges with the EEOC and the MCAD alleging that on November 1, 1997, he was denied a promotion because of his age (the 1997 charge).[2] On January 10, 2000, the MCAD dismissed the 1997 charge for lack of probable cause. The EEOC followed suit on April 12, 2000. Errichetti failed to file an action in the district court within the required ninety days. *See St. Louis v. Texas Worker's Compensation Commission*, 65 F.3d 43, 47 (5th Cir.1995) (failure to file suit within ninety days after the receipt of a notice from the EEOC renders a plaintiff's action untimely).

On September 24, 1998, Errichetti filed dual charges alleging that beginning on September 15, 1998, he had been the victim of "retaliation . . . because [he] had lodged complaints of age based discrimination" (the 1998 charge). On September 5, 2000, the MCAD issued a determination of probable cause on the 1998 charge finding that there "remain genuine issues of material facts in dispute . . . determinations of [which] require credibility determinations, which should be reserved for a public hearing." It then ordered the parties to attend a conciliation conference.

While the 1998 charge was pending, on October 25, 1999, Errichetti filed a third dual charge (the 1999 charge), alleging that the MWRA on October 20, 1999, had again refused him a promotion because of his age. On September 24, 2001, the EEOC dismissed the 1999 charge. Errichetti again failed to file a federal lawsuit within ninety days.[3]

On August 1, 2000, Errichetti filed a fourth dual charge (the 2000 charge), alleging that he had been suspended by the MWRA on March 3, 2000, in retaliation for his having filed the three previous charges. On September 17, 2002, the MCAD dismissed the 2000 charge for lack of probable cause. The EEOC adopted the MCAD ruling on February 5, 2003. Errichetti again failed to file a federal lawsuit within ninety days.

Meanwhile, on October 19, 2000, Errichetti, represented by counsel, attended the conciliation conference ordered by the MCAD on the 1998 charge. After efforts to settle the charge failed, the MCAD Commissioner assigned to Errichetti's case issued a discovery order. On January 30, 2001, the MWRA served written discovery on Errichetti's counsel and noticed Errichetti's deposition. On March 1, 2001, the MWRA complained to Errichetti's counsel about the lack of a response to its written discovery requests, and asked that Errichetti serve his answers by March 21, 2001. Errichetti's counsel ignored the complaint. On April 18, 2001, the MWRA filed a motion to compel. On January 11, 2002, the Commissioner allowed the motion to compel and ordered Errichetti to respond to the written discovery and make himself available for a deposition.

On July 8, 2002, the MCAD certified the 1998 charge for a public hearing. On August 13, 2002, the MWRA moved for sanctions because of Errichetti's refusal to provide discovery or sit for a deposition. Errichetti did not oppose the motion.

2. Because of a Worksharing Agreement between Massachusetts and the federal government, a complainant may with a single filing initiate both state and federal proceedings.

3. The record does not indicate the date of the MCAD dismissal of the 1999 charge, although the EEOC in its order indicated that it was adopting the action taken earlier by the MCAD.

On September 3, 2002, the MCAD signaled in an order to Errichetti that it was prepared to allow the motion for sanctions. The order cited 804 CMR § 1.15(5)(b) of the MCAD Rules of Procedure, authorizing a Commissioner to close a charge where there is an "[u]nreasonable refusal by Complainant to cooperate with processing of the case. Unreasonable refusal includes failure to respond to Respondent's discovery requests." The Commissioner found that "[Errichetti's] failure to respond to discovery constitutes unreasonable refusal to cooperate within the meaning of the above regulation." Errichetti was ordered to respond to the MWRA's discovery requests within thirty days with the warning that "[f]ailure to comply with this order shall result in the automatic administrative closure of this matter."

Also on September 3, 2002, the EEOC notified Errichetti that his EEOC charge would be dismissed if he did not comply with the MCAD Commissioner's thirty-day order. Errichetti did not, and on October 10, 2002, the MCAD dismissed his 1998 charge. On March 17, 2003, the EEOC dismissed the 1998 federal charge indicating that Errichetti "had failed to cooperate to the extent that it was not possible to resolve [his] charge."

Errichetti filed this lawsuit within ninety days of this latest EEOC dismissal. His Amended Complaint references the 1997 charge, the 1998 charge, and in Paragraph 13, alludes to the 2000 charge. As Errichetti's only timely filing followed the dismissal of the 1998 charge, he is barred from pursuing any claim based on the 1997, 1999, and 2000 charges.

■ As a further preliminary matter, the MWRA's argument, that by erroneously bringing his lawsuit under Title VII,

Errichetti is precluded from maintaining an age discrimination suit, is simply wrong.[4] It is apparent from the face of the Amended Complaint that Errichetti has plead a viable cause of action under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 626(e).

> A complaint need not point to the appropriate statute or law in order to raise a claim for relief under Rule 8.... [A] complaint sufficiently raises a claim even if it points to no legal theory or even if it points to the wrong legal theory as a basis for that claim, as long as relief is possible under any set of facts that could be established consistent with the allegations. *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1134 (7th Cir.1992) (internal quotation marks omitted); *see Fitzgerald v.Codex Corp.*, 882 F.2d 586, 589 (1st Cir.1989); *see also Simonton v. Runyon*, 232 F.3d 33, 36–37 (2d. Cir. 2000).

*Morales–Vallellanes v. Potter*, 339 F.3d 9, 14 (1st Cir.2003).

The MWRA's more convincing argument focuses on Errichetti's failure to exhaust his administrative remedies by refusing to cooperate with the discovery process ordered by the MCAD and the EEOC. Numerous cases support the MWRA's position.

> Though plaintiff did file a charge with the Equal Employment Opportunity Commission, her interaction with that agency and the state agency was otherwise nominal and without substance. By her own non-cooperation, plaintiff made it impossible for the administrative agency to attempt to resolve her case and in this respect did not adequately exhaust her administrative remedies so as to warrant the invocation of

---

**4.** The Amended Complaint alleges a single count referencing Title VII as its statutory basis.

this court's jurisdiction. To hold otherwise would clearly frustrate the congressional intent and purpose behind the enactment of Title VII.

*Dates v. Phelps Dodge Magnet Wire Co.,* 604 F.Supp. 22, 27 (N.D.Ind.1984).

Courts have held that because " '[f]ailure to cooperate in an EEOC investigation, no less than failure to file with the administrative agency, serves to thwart the policy underling [sic] the enactment of Title VII,' " a plaintiff whose case has been dismissed by the EEOC for lack of cooperation on her part, may not bring the same Title VII claims in federal court. *Davis v. Mid–South Milling Co. Inc.,* No. 89–2829–TUB, 1990 WL 275945, at *3 (W.D.Tenn. Dec. 14, 1990) (citation omitted). *Duncan v. Consolidated Freightways Corp.,* 1995 WL 530652, at *4 (N.D.Ill.1995) (same). To allow plaintiffs to bring their Title VII claims in federal court under such circumstances would be to allow them to "emasculate[ ] Congressional intent by short circuiting the twin objectives of investigation and conciliation." *Robinson v. Red Rose Communications, Inc.,* No. CIV. A. 97–CV–6497, 1998 WL 221028, at *3 (E.D.Pa. May 5, 1998) (despite issuance of early right-to-sue letter, complainant may not file suit until expiration of the 180–day investigation and conciliation period). . . . *But see Melincoff v. East Norriton Physician Service, Inc.,* No. CIV. A. 97–4554, 1998 WL 254971 (E.D.Pa. April 20, 1998) (holding that plaintiff whose case EEOC dismissed for failure to cooperate was not barred from bringing Title VII claim).

*McLaughlin v. State System of Higher Education,* 1999 WL 239408, *2 n. 1 (E.D.Pa.1999).

Errichetti does not dispute the factual basis of his failure to cooperate with discovery, only its significance. He points to the fact that he attended the conciliation conference ordered by the MCAD. That, in Errichetti's view, together with the MCAD's determination of probable cause, satisfied his obligations to the administrative process. Whatever interest the EEOC and the MCAD had in promoting conciliation, Errichetti argues, was exhausted when the conciliation effort failed, while any investigative interest in his charge on the agencies' part was extinguished by the finding of probable cause.

Errichetti's arguments stand the MCAD's procedures and their purpose on their head. The conciliation process is not a one-time event. Nor are conciliation and discovery separable concepts. Discovery aids conciliation. As the parties explore the strengths and weaknesses of one another's case, the prospects for a resolution short of litigation are enhanced, thereby serving an important goal of the anti-discrimination laws. *Carter v. Commissioner of Correction,* 43 Mass.App.Ct. 212, 217, 681 N.E.2d 1255 (1997). For that reason, where Congress has mandated that a plaintiff exhaust administrative remedies before bringing suit, as it has with ADEA and other employment discrimination laws, the duty to do so is absolute.[5] *See Clarke v. Kentucky Fried Chicken of California, Inc.,* 57 F.3d 21, 25 (1st Cir.1995) (*"Charland [v. Muzi Motors, Inc.,* 417 Mass. 580, 586, 631 N.E.2d 555 (1994) ] categorically states that a claimant alleging an unlawful

---

**5.** The exhaustion requirement is not onerous. M.G.L. c. 151B, § 9, permits a complainant to file an action in the Superior Court ninety days after the filing of a charge with the MCAD (or earlier with the MCAD's consent). Alternatively, a complainant may elect to pursue a full administrative resolution of his charge, although his right to judicial review is restricted as a result. *See Brunson v. Wall,* 405 Mass. 446, 452–453, 541 N.E.2d 338 (1989).

discriminatory act *listed* [in Chapter 151B] *must* comply with the MCAD administrative process, absent clear evidence that the Legislature carved out an exception.").

■ Moreover, Errichetti reads entirely too much into the MCAD's preliminary determination of probable cause. Under MCAD procedures, a preliminary determination of probable cause functions much as it does in the criminal justice system. It authorizes a charge to proceed to the hearing stage when issues of material fact are in dispute. 804 CMR § 1.15(7)(a). The discovery order in Errichetti's case was issued to enable the parties to prepare for that hearing. Thus, Errichetti's argument that his lack of cooperation did not impact on the MCAD's investigatory mission is wrong-headed as it remained open to the MWRA to seek a redetermination of probable cause upon the completion of discovery. *Id.* § 1.7(c)(1).[6] Because Errichetti has offered no good or sufficient reason to justify his failure to exhaust the administrative remedies that he elected to pursue, his last ditch resort to the federal courts is

unavailing, and his case must be dismissed.[7]

### ORDER

For the foregoing reasons, the MWRA's motion for summary judgment is *ALLOWED.* The Clerk will enter judgment accordingly.

SO ORDERED.

---

6. That neither the MCAD or the EEOC had come to any final conclusion as to the merits of Errichetti's case is made clear by the EEOC's order of dismissal, which cited Errichetti's "failure to cooperate to the extent that it was not possible to resolve [his] charge."

7. The MWRA argues vigorously that Errichetti's claim should be barred by laches. "The equitable defense of laches will bar a party from asserting a claim if the party so unreasonably delayed in bringing the claim that it caused some injury or prejudice to the defendant." *Polaroid Corp. v. The Travelers Indemnity Co.*, 414 Mass. 747, 759–760, 610 N.E.2d 912 (1993). *See also Costello v. United States*, 365 U.S. 265, 282, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961). The application of the doctrine is within the sound discretion of the district court. *Puerto Rican–American Ins. Co. v. Benjamin Shipping Co., Ltd.*, 829 F.2d 281, 283 (1st Cir.1987). It would be unfair to hold Errichetti responsible for any delay attributable to the MCAD proceedings. A plaintiff may participate in the administrative process

before electing to file a lawsuit so long as he does so before the charge is resolved and so long as the suit is filed within the three-year statute of limitations of M.G.L. c. 151B, § 9. The unnecessary delay caused by Errichetti's refusal to cooperate with the MCAD process is another matter. As the MWRA points out, it has no more information about Errichetti's claim than it did when he filed the charge in 1998. While cases in which laches has been found to bar a complaint tend to cluster on the extremes, *see Jeffries v. Chicago Transit Auth.*, 770 F.2d 676, 680 (7th Cir.1985) (ten years), *Whitfield v. Anheuser–Busch, Inc.*, 820 F.2d 243, 245 (8th Cir.1987) (same), as the MWRA points out, during the five years that elapsed since Errichetti filed the 1998 charge, the supervisor accused by Errichetti has left employment at the MWRA and may no longer be available to the defense. If this is true, the MWRA's argument has particular force. *See Boone v. Mechanical Specialties*, 609 F.2d 956, 960 (9th Cir.1979). However, given the disposition of the case, the laches issue need not be definitively decided.