# RESCRIPT OPINIONS.

TIKI HUT LOUNGE, INC. *vs.* ALCOHOLIC BEVERAGES CONTROL COMMIS-
SION. July 14, 1986. *Alcoholic Liquors,* Licensee, Sale to minor.

General Laws c. 138, § 34, as amended through St. 1982, c. 627, § 13,
provides in relevant part as follows: "Whoever makes a sale or delivery of
any alcoholic beverages or alcohol to any person under twenty years of
age,[1] either for his own use or for the use of his parent or any other person
. . . shall be punished . . . ." General Laws c. 138, § 64, as amended
through St. 1979, c. 15, § 10, provides that "[t]he licensing authorities
after notice to the licensee and reasonable opportunity for him to be heard
by them may modify, suspend, revoke or cancel his license upon satisfactory
proof that he has violated or permitted a violation of any . . . law of the
commonwealth." On June 26, 1984, after notice and a hearing, the defendant
Alcoholic Beverages Control Commission (ABCC) determined that the
plaintiff Tiki Hut Lounge, Inc. (Tiki Hut), had violated c. 138, § 34, and
issued an order under c. 138, § 64, suspending Tiki Hut's license for thirty
days. Tiki Hut commenced this action under G. L. c. 30A, § 14, and a
judge of the Superior Court set aside the ABCC's decision on the ground
that it was unsupported by substantial evidence. The ABCC appealed. We
transferred the case here on our own motion and we now affirm the judgment
of the Superior Court.

Although the ABCC concluded that Tiki Hut had violated c. 138, § 34,
its only material subsidiary findings were that on Friday evening, March
9, 1984, investigators observed a youthful appearing nineteen year old
female standing near the end of the bar at the Tiki Hut lounge holding a
half full bottle of beer that had been bought for her by an adult patron.
There was no finding or evidence that the patron acted as an agent for Tiki
Hut or that, when Tiki Hut sold or delivered the beverage to the patron, it
knew that the patron was acting as an intermediary for the young woman.

The ABCC's sole contention is that G. L. c. 138, § 34, requires a
licensee "to exercise reasonable . . . care in preventing the delivery of
liquor to a minor," that Tiki Hut failed to do so, and that therefore the
license suspension was proper. The ABCC points to no specific statutory
language to the effect that a licensee must exercise reasonable care to prevent
*third persons from delivering liquor to persons below the legal drinking*

---

[1] Statute 1984, c. 312, § 5, effective June 1, 1985, substituted "twenty-one years
of age" for "twenty years of age" throughout the first paragraph of G. L. c. 138, § 34.

age, but argues that such a requirement must be implied in view of the Legislature's clear design to protect both minors and the general public from the risks associated with minors' drinking alcoholic beverages. We disagree that such a requirement should be implied. Therefore, we need not discuss the ABCC's failure to find that there was any negligence on the part of Tiki Hut nor do we need to consider whether the evidence would have warranted such a finding.

Undoubtedly, the ABCC correctly identifies the general purpose of the statute, but to determine legislative intent we must look primarily to the statute's language. *Simon* v. *State Examiners of Electricians,* 395 Mass. 238, 242 (1985). There simply is no language in c. 138, § 34, that reasonably may be construed as imposing a duty on a licensee to exercise reasonable care to assure that no alcoholic beverage will find its way into the hands of a person below the legal drinking age. The statutory language applicable to licensees focuses only on sales and deliveries. Therefore, since there was neither a finding nor evidence that Tiki Hut sold or delivered an alcoholic beverage to a person below the legal drinking age, the judge correctly ordered that the decision of the ABCC be set aside.

*Judgment affirmed.*

*Charles E. Walker, Jr.,* Assistant Attorney General, for the defendant.
*Willard Ide Shattuck, Jr.,* for the plaintiff.