## HOWARD JOHNSON COMPANY *vs.* ALCOHOLIC BEVERAGES CONTROL COMMISSION.

Suffolk. March 16, 1987. — July 17, 1987.

Present: PERRETTA, KAPLAN, & SMITH, JJ.

*Alcoholic Liquors*, Alcoholic Beverages Control Commission, Licensee, Revocation of license, Sale to minor, Manager of premises. *License. Statute*, Construction.

The Alcoholic Beverages Control Commission, pursuant to its statutory duties of supervision over liquor licenses, had the power to interpret G. L. c. 138, § 34B, by defining appropriate standards of conduct, in the absence of any judicial decision to the contrary, where § 34B was silent as to when a patron must present a liquor purchase identification card to a licensee and whether a certain patron's having shown the card on an earlier occasion sufficed to show reasonable reliance by the licensee within the meaning of § 34B. [490-491]

The Alcoholic Beverages Control Commission did not err as matter of law or public policy in so interpreting G. L. c. 138, § 34B, as to require that, for a liquor licensee's reliance on a patron's proof of age to be reasonable, the patron must display identification to the licensee on the occasion of the questioned transaction. [491-493]

In a proceeding before the Alcoholic Beverages Control Commission in which a liquor licensee was charged with two counts of sale or delivery of alcoholic beverages to minors in violation of G. L. c. 138, § 34, substantial evidence supported the commission's determination that the licensee's reliance on the minors' showing of identification some three or four days prior to the transaction in question was unreasonable under c. 138, § 34B. [493]

On a complaint in the Superior Court for judicial review of a decision of the Alcoholic Beverages Control Commission determining that a liquor licensee had violated G. L. c. 138, § 26, by operating licensed premises without a proper manager, the judge erred in finding that the licensee was "not at fault" when the name of the licensee's manager appearing on its license had not been changed in a timely manner after its former manager had left his employment. [494]

CIVIL ACTION commenced in the Superior Court Department on March 4, 1985.

The case was heard by *Jeremiah J. Sullivan*, J., sitting under statutory authority.

*Douglas H. Wilkins*, Assistant Attorney General, for the defendant.

*Frank A. Marinelli* for the plaintiff.

SMITH, J.  Howard Johnson Company, doing business as The Ground Round (licensee) in Braintree, was charged by the Alcoholic Beverages Control Commission (commission) with two counts of sale or delivery of alcoholic beverages to minors, in violation of G. L. c. 138, § 34, as amended through St. 1982, c. 627, § 13. In addition, it was charged with one count of operating a licensed premises without a proper manager. G. L. c. 138, § 26.

The following evidence was heard by the commission on the sale to minors charges. On October 18, 1984, the commission's investigators entered an establishment operated by the licensee in Braintree. They observed two young patrons drinking alcoholic beverages. After questioning, the patrons stated that they were underage, one seventeen years of age, the other eighteen.[1] A waitress admitted serving them and not requesting proof of age from either of them. She stated that both minors had been in the establishment three or four days earlier and that they had shown her Massachusetts drivers' licenses or liquor purchase identification cards that showed them to be of legal age.[2] The minors had no identification with them on October 18, 1984.

The licensee based its defense on the provisions of G. L. c. 138, § 34B, as amended by St. 1979, c. 15, § 8. That

---

[1] At the time of the alleged violations, G. L. c. 138, § 34, provided in relevant part that: "Whoever makes a sale or delivery of any alcoholic beverages or alcohol to any person under twenty years of age . . . for his own use . . . shall be punished . . . ." Statute 1984, c. 312, § 5, effective June 1, 1985, substituted "twenty-one years of age" for "twenty years of age" through the first paragraph of G. L. c. 138, § 34.

[2] One of the minors testified before the commission that she and her companion had obtained fake liquor purchase identification cards at the Quincy office of the Registry of Motor Vehicles. The cards had the pictures of the minors but the names and birth dates of other individuals whose identification papers had been used to obtain the cards.

statute provides that it is a defense to a proceeding for suspension of a liquor license if the "licensee, or agent or employee thereof, . . . reasonably relies on . . . a liquor purchase identification card or [Massachusetts] motor vehicle license . . . for proof of a person's identity and age . . . ." In the instant case, the licensee contended that its liquor license should not be suspended because it reasonably relied on the identifications displayed by the patrons three or four days earlier. The commission rejected that defense, ruling that "[f]or reliance on identification as proof of age to be reasonable, the display of such identification must be on the day or evening of the transaction in question."

In regard to the improper manager charge, under the provisions of G. L. c. 138, § 26, the licensee was required to appoint a manager to have "full authority and control of the premises . . . and of the conduct of all business therein relative to alcoholic beverages . . . ." After discovering the two sales to minors, the investigators asked to see the liquor license for the premises. When the license was produced, it listed an individual who had left the employ of the licensee some time before September, 1983. The licensee told the commission that it had filed on September 13, 1983, an application with the local licensing authority requesting a change of its manager. However, the local board failed to act on the application despite several requests of the licensee. The licensee admitted that, for over a year, it failed to report the problem to the commission. The commission ruled that the licensee had violated G. L. c. 138, § 26. It stated that "the failure of the licensee to bring this problem to the attention of the [c]ommission during a full year is not consistent with its claim that it did everything possible to record its change of management."

Because of the violations, the commission ordered the licensee's liquor license suspended for a total of thirteen days — six days on each of the sales to a minor and one day on the improper manager offense.

The licensee filed a complaint in the Superior Court for judicial review of the decision of the commission, pursuant to G. L. c. 30A, § 14. The matter was heard by a judge solely

on the basis of the certified record. The judge ruled that the commission's decision on the sales to the minors charges was, among other things, based on an error of law. On the improper manager charge, he ruled that the licensee was "not at fault" when the name of the manager was not changed in a timely manner. Judgment issued vacating the decision and order of the commission. The commission has appealed the judge's action.

1. *Scope of the review.* "The scope of review of the commission's decision, both in the Superior Court and in [the appellate courts], is defined by G. L. c. 30A, § 14." *Burlington* v. *Labor Relations Commn.*, 390 Mass. 157, 161 (1983). Under the statute, the judge may set aside a commission's decision only on those grounds set out in § 14 (7) *(a)-(g)*. *Olde Towne Liquor Store, Inc.* v. *Alcoholic Beverages Control Commn.*, 372 Mass. 152, 153 n.2 (1977). One of the specified grounds is that the decision of the commission was based on an error of law. See G. L. c. 30A, § 14 (7)(*c*).

2. *The sale to the minors charges.* The licensee argued to the judge that the commission's decision was based on an error of law for alternative reasons, namely, (1) the commission exceeded its statutory authority by interpreting G. L. c. 138, § 34B, or (2) it misinterpreted the statute. In agreeing with the licensee, the judge did not specify the ground or grounds upon which he based his decision. Therefore, we discuss both arguments raised below by the licensee.[3]

a. *Claim that commission lacked authority to interpret G. L. c. 138, § 34B.* It has been held that an agency charged with the administration of a statute may, in a decision, define or interpret statutory terms, at least in the first instance. *Cleary* v. *Cardullo's, Inc.*, 347 Mass. 337, 343-344 (1964). *School Comm. of Springfield* v. *Board of Educ.*, 362 Mass. 417, 441 n.22 (1972). Cella, Administrative Law and Practice § 747

---

[3] The licensee argues in its brief that the commission's decision was in fact a rule and was improperly adopted. It also argues that, as a rule, it could not be applied retroactively. These arguments were not presented to the court below and therefore we do not consider them. *Albert* v. *Municipal Court of the City of Boston*, 388 Mass. 491, 493-494 (1983).

(1986). This is particularly so where the statute is ambiguous or the details of legislative policy have not been spelled out in the statute. *Cleary* v. *Cardullo's, Inc., supra.*

The commission plays an important role in the administration of G. L. c. 138, the statute concerned with alcoholic beverages. It has, by statute, "general supervision of the conduct of the business of . . . selling alcoholic beverages . . . ." G. L. c. 6, § 44. It also has comprehensive powers of supervision over licensees, including the power to revoke, modify, or suspend licenses. G. L. c. 138, § 23. *Connolly* v. *Alcoholic Beverages Control Commn.*, 334 Mass. 613, 617 (1956).

Although G. L. c. 138, § 34B, provides a defense to a suspension of a liquor license if the "licensee, or agent or employee thereof, . . . reasonably relies on . . . a liquor purchase identification card or motor vehicle license . . . for proof of a person's identity and age," neither that provision nor any other provision of the General Laws specifies what constitutes reasonable reliance by a licensee. In particular, the statute is silent on when the identification must be presented to the licensee and whether showing the identification on an earlier occasion suffices to show reasonable reliance within the meaning of the statute. Here, the commission conducted a hearing pursuant to its statutory duties of supervision over licenses. Because G. L. c. 138, § 34B, is silent as to the particular type of conduct by the licensee that would constitute reasonable reliance under the statute, the commission had the power to interpret the statute by defining appropriate standards of conduct, at least in the absence of any judicial decision to the contrary.[4]

b. *Claim that commission misinterpreted G. L. c. 138, § 34B.* The licensee argues that the commission misinterpreted G. L. c. 138, § 34B, with the result that its decision was based on an error of law. *Johnson* v. *Martignetti*, 374 Mass. 784, 790 (1978).

---

[4] Because the statute includes specific language ("reasonably relies") that must be interpreted by the commission, this matter is different from *Tiki Hut Lounge, Inc.* v. *Alcoholic Beverages Control Commn.*, 398 Mass. 1001 (1986), in which the court found that there was no statutory language that needed to be interpreted by the commission.

We are not, of course, bound by the commission's interpretation of the statute. *Massachusetts Organization of State Engrs. & Scientists* v. *Labor Relations Commn.*, 389 Mass. 920, 924 (1983). A court, in reviewing an agency's interpretation, however, must give "due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it." G. L. c. 30A, § 14 (7). *Dohoney* v. *Director of the Div. of Employment Sec.*, 377 Mass. 333, 337 n.3 (1979).[5] In addition, "[t]he importance of an administrative interpretation of a statute is 'never greater than where, as here, an agency must interpret a legislative policy which is only broadly set out in the governing statute.' " *Consolidated Cigar Corp.* v. *Department of Pub. Health*, 372 Mass. 844, 850 (1977), quoting from *School Comm. of Springfield* v. *Board of Educ.*, 362 Mass. at 442. Also see *Amari* v. *Rent Control Bd. of Cambridge*, 21 Mass. App. Ct. 598, 604-605 (1986).[6]

A general principle of statutory construction supports the commission's interpretation. The Legislature has announced a strong policy against the sale of alcoholic beverages to minors. G. L. c. 138, § 34. *Michnik-Zilberman* v. *Gordon's Liquor,*

---

[5] In regard to the commission involved in the instant case, the Supreme Judicial Court has "giv[en] due weight to [the commission's] specialized knowledge of the problems affecting the regulation of the sale of alcoholic beverages." *Connolly* v. *Alcoholic Beverages Control Commn.*, 334 Mass. 613, 618 (1956), cited in *Great Atl. & Pac. Tea Co.* v. *Board of License Commrs.*, 387 Mass. 833, 837 (1983).

[6] One of the factors that determines the appropriate weight to be given by a court to an agency's interpretation of a statute is whether that interpretation has been consistently applied by the agency. *Cleary* v. *Cardullo's, Inc.*, 347 Mass. 337, 343-344 (1964). *School Comm. of Springfield* v. *Board of Educ.*, 362 Mass. 417, 441 n.22 (1972).

The commission has acknowledged that, while its interpretation of the reasonable reliance defense has been consistent since its decision in this case, its earlier decisions had reflected a case-by-case determination of the issue and had at times accepted the defense of reasonable reliance where identification was shown at a date prior to the illegal sale.

The commission, of course, "was not irrevocably bound to its earlier decisions." *West Bridgewater Police Assn.* v. *Labor Relations Commn.*, 18 Mass. App. Ct. 550, 555 (1984). We have, however, considered the inconsistent prior decisions of the commission in determining the weight to be given the commission's interpretation.

*Inc.*, 390 Mass. 6, 11 (1983). The defense of reasonable reliance is an exception to the general rule of liability set forth in G. L. c. 138, § 34. "Exceptions to a general law, whether statutory or constitutional, should be strictly construed." *Commonwealth* v. *Yee*, 361 Mass. 533, 537 (1972).

The record before the commission in the instant case demonstrates why the commission's interpretation of G. L. c. 138, § 34B, is reasonable. The two minors went to the licensee's establishment because they did not have any proper proof of their ages. They hoped that the waitress would remember them so that they would not have to show any identification. Because they had no identification, a second check, when they bought alcoholic beverages, would have prevented the illegal sales.

The record also contains testimony that one of the minors lost her false identification card when her mother found it and destroyed it. As a result of the commission's decision requiring a display of proper identification on the day or evening of the transaction in question, confiscation or destruction of false identifications by parents and others will help stop illegal liquor sales to those minors who had possessed the false identifications.

In addition, G. L. c. 138, § 34B, provides that a Massachusetts motor vehicle license may be used as proof of age. There was evidence before the commission that one of the minors had borrowed another person's driver's license which she had displayed to the waitress. Because persons need licenses in order to drive, they will not lend their licenses indefinitely, and the minor may be unable to obtain a driver's license consistently. Only with an identification check at the time of sale can a licensee monitor such situations.

In sum, we cannot say that the commission "was wrong, either as a matter of law or as public policy, in its interpretation" of the statute. *Massachusetts Organization of State Engrs. & Scientists* v. *Labor Relations Commn.*, 389 Mass. at 924, 928.

As a result of our decision, it is not necessary to discuss the other issues that were argued to the judge below. We note, however, that the commission's decision that the licensee's reliance on the earlier showing of identification was unreasonable was supported by substantial evidence.

3. *The improper manager charge*. The licensee was required to have an authorized manager satisfactory to the licensing authority. G. L. c. 138, § 26. It concedes that it did not have an authorized manager at the time of the sales to the minors. The statute does not contain any scienter requirement. In any event, the licensee did nothing for over a year to bring the matter to the commission's attention and proceeded during that interval to serve liquor without a proper manager. That conduct is prohibited by the statute. The judge's finding that the licensee was "not at fault" was error.

The judgment of the Superior Court is reversed. A new judgment shall issue affirming the commission's decision.

*So ordered.*