Wexler, James H., J.
The plaintiff, Cordaville Associates, LLC (“Cordaville”), brought this action pursuant to G.L.c. 30A, §14, appealing the decision of defendant, Architectural Access Board (“Board”), denying Cordaville’s application for a variance from the requirement set forth in 521 Code of Mass. Regs. §21.2 and requiring Cordaville to install five additional curb cuts in sidewalks constructed in connection with two abutting commercial properties owned by Cordaville. Pursuant to Superior Court Standing Order 1-96 and Mass.R.Civ.P. 12(c), Cordaville moves for judgment on the pleadings on the ground that the Board’s decision is unsupported by substantial evidence, is arbitrary and capricious, and is otherwise not in accordance with G.L.c. 30A, §14. Based on the pleadings and for the reasons set forth below, Cordaville’s motion is DENIED and the Board’s decision is AFFIRMED.

BACKGROUND

The following facts are based on the administrative record, with the facts taken by the Board, as the non-moving party, to be true.[1]
Cordaville is the owner of two abutting parcels of land located at 162 Cordaville Road and at 164 Cordaville Road in Southborough, Massachusetts. Although both parcels are owned by the same entity, the two parcels have two different street addresses.[2] A shopping plaza was constructed on the two parcels in or about 1996, and a certificate of occupancy was issued in or about 1998.
In 1996, the Town of Southborough approved the site plan for 162 Cordaville Road, including all required curb cuts for the property’s sidewalks. Although not required to do so, Cordaville added a crosswalk connecting the two separate parcels as a convenience to patrons. Cordaville also commenced construction of a sidewalk behind the property at 162 Cordaville Road in anticipation of future development with the intention of extending it to connect the 162 Cordaville Road site to another property located on Mt. Vickeiy Road. When the development failed to come to fruition, the plans to complete the sidewalk were abandoned. As a result, the sidewalk remains unused, unfinished, and “ends right in the woods” behind the building. Cordaville asserts that the sidewalk is of no function or utilily.
On August 8, 2003, the Board received a citizen complaint from Metrowest Center for Independent Living, Inc. (“Metrowest”) alleging that the shopping plaza, specifically the parcel at 162 Cordaville Road, was in violation of Board regulations. On August 18, 2004, after providing notice to Cordaville, the Board conducted a site visit at the shopping plaza at 162 Cordaville Road.[3] During the site visit, the Board observed five places were a pedestrian route of travel along a sidewalk crossed a curb and that there were no curb cuts, in violation of 521 Code of Mass. Regs. §21, which provides in part that:
Whenever sidewalks, walkways, or curbs on streets and ways are constructed, reconstructed, or repaired, curb cuts are required . . . Curb cuts shall occur wherever an accessible route crosses a curb and at the following locations: Curb cuts are required at each comer of each intersection, located within the crosswalk and/or the pedestrian path of travel.
521 Code of Mass. Regs. §§21.1, 21.2, 21.2.1.
On September 1,2004, Cordaville requested a variance with regard to the five curb cuts on the grounds that the high cost, $35,000.00, associated with the installation of the curb cuts outweighs any perceived accessibility benefit, making full compliance impracticable. On September 28, 2004, the Board denied the application for a variance. Cordaville then requested a hearing before the Board.
*266 On January 3, 2005, the Board held a hearing to consider Cordaville’s variance application.[4] The complainant asserted that five curb cuts would provide substantial benefit to the disabled by allowing them to traverse the same sidewalk routes accessible to non-disabled persons: three of the curb cuts were needed to allow persons in wheelchairs to travel between the shops at 162 Cordaville Road and the post office at 164 Cordaville Road; and two of the curb cuts were needed to provide access for the disabled to a sidewalk that connected the shops to a public way running along the back of the shopping plaza. This was consistent with the Board’s observations during the site visit. Cordaville argued that it should not have to install the three curb cuts between 162 Cordaville Road and 164 Cordaville Road because they are two separate properties and because the crosswalks were added merely for the convenience of the patrons.[5] Cordaville also challenged the need for curb cuts in the sidewalk leading to the public way in the back of the complex because the sidewalks served no function or utility.
On January 11, 2005, the Board issued its decision denying the variance application, finding in favor of Metrowest, and ordering Cordaville to install the five curb cuts by May 1, 2005. On February 11, 2005, Cordaville filed this petition for judicial review asserting that the Board failed to consider evidence concerning the actual use and utility of the curb cuts and Cordaville’s proposals for alternatives for compliance and that the Board failed to adequately articulate finding as required by G.L.c. 30A, §11(8).[6] Cordaville seeks to have the Board’s decision set aside and to have a new finding entered in favor of Cordaville.

DISCUSSION

I.G.L.C. 30A, §14

An agency’s decision may be set aside by the court only on the grounds set forth in G.L.c. 30A, §14. Howard Johnson Co. v. Alcoholic Beverages Control Comm’n, 24 Mass.App.Ct. 487, 490 (1987). The grounds for which a court may set aside or modify[7] an agency decision include such reasons as the decision was unsupported by substantial evidence or was “(ajrbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law.” G.L.c. 30A, §§14(7)(e), (g). The statute directs the court to consider the entire record and to give “due weight to the experience, technical competence and specialized knowledge of the agency, as well as to the discretionary authority conferred on it.” G.L.c. 30A, §14(7); see Cobble v. Commissioner of Dep’t of Soc. Servs., 430 Mass. 385, 390 (1999); Iodice v. Architectural Access Bd., 424 Mass. 370, 375-75 (1997); Flint v. Commissioner of Pub. Welfare, 412 Mass. 416, 420 (1992).
The court’s role is not to “make a de novo determination of the facts or draw different inferences from the agency” or to substitute its judgment for that of the agency. Vaspourakan, Ltd. v. Alcoholic Beverages Comm’n, 401 Mass. 347, 351 (1987); Southern Worcester Reg’l Vocational Sch. Dist. v. Labor Relations Comm’n, 386 Mass. 414, 420-21 (1982). An agency’s “interpretation of its own rule is entitled to great weight[.]” Norwood Hosp. v. Commissioner of Pub. Welfare, 417 Mass. 54, 58 (1994). As the party challenging the Board’s decision, Cordaville bears the burden of establishing the decision’s invalidity. Fisch v. Board of Registration in Med., 437 Mass. 128, 131 (2002); Haverhill Mun. Hosp. v. Commissioner of Div. of Med. Assistance, 45 Mass.App.Ct. 386, 390 (1998); Faith Assembly of God v. State Bldg Code Comm’n, 11 Mass.App.Ct. 333, 334 (1981).

II.SUPERIOR COURT STANDING ORDER 1-96

“Claims filed in the Superior Court. . . pursuant to the standards set forth in G.L.c. 30A, §14, . . . shall be heard in accordance with the ... procedures” set forth in Superior Court Standing Order 1-96. Massachusetts Superior Court Standing Order 1-96 (2005). Such claims “for judicial review shall be resolved through a motion for judgment on the pleadings, Mass.R.Civ.P. 12(c), in accordance with Superior Court Rule 9A[.)” Id. at §4; see Northboro Inn, LLC v. Treatment Plant Bd. of Westborough, 58 Mass.App.Ct. 670, 673 n.5 (2003). The court’s “review shall be confined to the record.” Standing Order 1-96, at §5. Such record shall consist of: (a) the entire proceedings, or (b) such portions thereof as the agency and the parties may stipulate, or (c) a statement of the case agreed to by the agency and the parties. Id. at §2, quoting G.L.c. 30A, §14(4). Here, the entire administrative record is before the court. In a challenge to a Board’s decision denying a requested variance, the Court must determine whether the Board’s decision is supported by substantial evidence. See G.L.c. 30A, §14(7); Yazbek v. Board of Appeals on Motor Vehicle Liability Policies and Bonds, 41 Mass.App.Ct. 915, 916 (1996). Substantial evidence is such evidence that “a reasonable mind might accept as adequate to support a conclusion.” G.L.c. 30A, §1(6); see also Lycurgus v. Director of the Div. of Employment Sec., 391 Mass. 623, 627-28 (1984). In making its determination, the agency’s expertise and experience is entitled to deference. See G.L.c. 30A, §14(7).

III.MASS.R.Civ.P. 12(c)

In accordance with Standing Order 1-96, Cordaville brought a motion for judgment on the pleadings. Any party may move for judgment on the pleadings after the pleadings are closed. Mass.R.Civ.P. 12(c). A Rule 12(c) motion is actually a motion to dismiss that “argues that the complaint fails to state a claim upon which relief can be granted.” Jarosz v. Palmer, 436 Mass. 526, 529 (2002). “In deciding a rule 12(c) motion, all facts pleaded by the nonmoving party must be accepted as true.” Id. at 529-30, citing Minava v. Massachusetts Credit Union Share Ins. Corp., 392 Mass. 904, 905 (1984). In addition, “all contravening assertions in the movant’s pleadings are taken to be *267 false.” Ritchie v. Dept. of State Police, 60 Mass.App.Ct. 655, 659-60 (2004).

IV ARCHITECTURAL ACCESS BOARD

The Board is a division of the Department of Public Safety with the authority to “make and from time to time alter, amend, and repeal, . . . rules and regulations designed to make public buildings accessible to, functional for, and safe for use by physically handicapped persons.” G.L.c. 22, §13A at ¶4. “There shall be no construction, reconstruction, alteration or remodeling of a public building except in conformity with said rules and regulations . . .” Id., §13A at 17. The regulations the Board has promulgated are set forth in title 521 of the Code of Massachusetts Regulations. 521 Code of Mass. Regs. §1.1. The intent of title 521 is “to provide persons with disabilities full, free and safe use of all buildings and facilities so that all such persons may have the educational, living and recreational opportunities necessary to be as self-sufficient as possible and to assume full responsibilities as citizens.” 521 Code of Mass. Regs. §2.2 (emphasis omitted).
“The Board shall receive complaints of non-compliance with any rule or regulation from any person . . . If the Board finds, after notice and opportunity for a hearing, that any person is not in compliance with any rule or regulation, it may issue an order to compel such compliance.” 521 Code of Mass. Regs. §2.3.1 (emphasis omitted); see 521 Code of Mass. Regs. §4.2.1 (setting forth Board’s procedure upon receiving complaint). “An owner or an owner’s representative or tenant who thinks that full compliance with 521 CMR is impracticable may apply to the Board for a variance from 521 CMR.” 521 Code of Mass. Regs. §4.1. Compliance with title 521 would be impracticable if it “would be technologically unfeasible; or . . . would result in excessive and unreasonable costs without any substantial benefit to persons with disabilities.” 521 Code of Mass. Regs. §5.1.

V. CORDAVILLE’S REQUESTED VARIANCE

Among the requirements set forth in the regulations is 521 Code of Mass. Regs. §21, which provides in part that;
Whenever sidewalks, walkways, or curbs on streets and ways are constructed, reconstructed, or repaired, curb cuts are required. All curb cuts shall comply with the following: Curb cuts shall occur wherever an accessible route crosses a curb and at the following locations: Curb cuts are required at each corner of each intersection, located within the crosswalk and/or the pedestrian path of travel.
521 Code of Mass. Regs. §§21.1,21.2, 21.2.1. Furthermore:
When curb cuts or sidewalks are being constructed or reconstructed on one side of the street, and when such curb cuts or sidewalks are connected to an opposite side of the street by one or more pedestrian paths of travel, then at least one curb cut shall be provided on the opposite side of the street where such side is controlled by the same owner.
521 Code of Mass. Regs. §20.2.2. Finally:
At least one accessible route shall connect accessible buildings, facilities, elements and spaces that are on the same site.
521 Code of Mass. Regs. §20.2.1. Pursuant to 521 Code of Mass. Regs. §4.1,[8] Cordaville requested a variance with regard to the five curb cuts on the grounds that the high cost factor ($35,000.00) associated with the installation of the curb cuts outweighs any perceived accessibility benefit, making full compliance impracticable.

A. CORDAVILLE’S CLAIM THAT THE BOARD’S DECISION IS ARBITRARY, CAPRICIOUS, AND UNSUPPORTED BY SUBSTANTIAL EVIDENCE PURSUANT TO G.L.c. 30A, §14(7)

As provided in G.L.c. 22, §13A at ¶7, variances may be granted in two situations: when the applicant shows that compliance with the Board’s rules “(1) is not feasible technologically, or (2) would result in excessive and unreasonable costs without any substantial benefit to physically handicapped persons in a particular case.” Additionally, an administrative ruling must be supported by substantial evidence. Boston Edison Co. v. Selectmen of Concord, 355 Mass. 79, 92 (1968). Substantial evidence is “such evidence as a reasonable mind might accept as adequate to support a conclusion.” Id. An administrative ruling must be set aside if “the evidence points to no felt or appreciable probability of the conclusion or points to an overwhelming probability of the contrary.” New Boston Garden Corp. v. Assessors of Boston, 383 Mass. 456, 466 (1981). In determining whether a decision is supported by substantial evidence, the Court’s review is not informed by the clear weight of the evidence or the preponderance of the evidence, but rather by determining whether the decision is supported by reasonable evidence. Lisbon v. Contributory Retirement Appeal Board, 41 Mass.App.Ct. 246, 257 (1996). Thus, the issue is whether the Board’s finding that compliance will provide a substantial benefit to the handicapped was based on substantial evidence.
Cordaville asserts that the cost of installing the curb cuts outweighs any potential benefit to disabled persons. Cordaville explains their assertion by stating that the crosswalks for which three of the five curb cuts are required were added voluntarily and were not required by any regulation. Regardless of whether the crosswalks were required, the curb cuts are required by regulation because the parts of the sidewalks in question provide “pedestrian paths of travel.” 521 Code of Mass. Regs. §21.1, 20.2.2. Metrowest demonstrated that the three curb cuts associated with the crosswalks would allow persons in wheel chairs to travel along the sidewalk connecting the shops in one *268 building and the post office in the other building, allowing them access to various safe and convenient pathways for travel.
In addition, Cordaville asserted that the other two curb cuts were unnecessary because the sidewalks in question went nowhere and were of no function or use. Metrowest argued that these two curb cuts would connect the shops to a public way running along the back of the shopping plaza.
The Board based its decision on testimony about convenience and safety[9] and also considered photographs of the pathways in question and a site plan provided by Cordaville. Cordaville failed to rebut Metrowest’s assertion that the curb cuts would substantially benefit disabled persons. Furthermore, Cordaville failed to show that the Board’s decision regarding the curb cuts was arbitrary or capricious. The court finds that the Board’s decision was supported by substantial evidence that compliance would provide a substantial benefit to disabled persons.
B. CORDAVILLE’S CLAM THAT THE BOARD’S DECISION DOES NOT ADEQUATELY ARTICULATE REASONS FOR THE DENIAL OFTHE VARIANCE AS REQUIRED BY G.La 30A, §11(8\
Cordaville also argues that the Board failed to comply with G.L.c. 30A, §11(8) because it did not adequately articulate reasons for the denial of the variance in writing its decision. G.L.c. 30A, §11(8) provides that:
[E]veiy agency decision shall be in writing or stated in the record. The decision shall be accompanied by a statement of reasons for the decision, including determination of each issue of fact or law necessary to the decision, unless the General Laws provide that the agency need not prepare such statement in the absence of a timely request to do so.
“Although an agency’s adjudicative body must review all the evidence in the record, it need only record findings which were necessary for it to decide the issue and provide the courts with a basis for judicial review.” Catlin v. Board of Registration of Architect, 414 Mass. 1, 6 (1992); see Massachusetts Inst of Tech. v. Department of Pub. Utils., 425 Mass. 856, 871 (1997) (noting that G.L.c. 30A, §11(8) requires more from an agency than mere conclusory statements).
The Decision’s section titled “FINDINGS AND DECISION” merely contains a summary of the statements the parties made at the hearing without any indication of whether the Board credited any of those statements. The Board’s ultimate decision to deny the variance and require Cordaville to install curb cuts, however, is supported by the evidence as presented at the hearing. As discussed above, Cordaville failed to demonstrate the impracticability of the installation of the curb cuts. Moreover, Cordaville failed to rebut Metrowest’s assertion that installing the curb cuts would substantially benefit people with disabilities.
Thus, even if the Board did err in failing to properly set forth its findings pursuant to G.L.c. 30A, §11(8), the error was harmless. See Catlin, 414 Mass, at 6-7. The appealing party has the burden of showing that its “ ‘substantial rights . .. may have been prejudiced’ by the agency’s error.” Id., quoting G.L.c. 30A, §14(7). After reviewing the pages of the transcript in the administrative record, the court finds that the record does not contain any information which might have produced a different result, and, therefore, Cordaville suffered no harm. Thus, Cordaville’s attempt to reverse the Board’s decision on this ground fails as well.
Finally, Cordaville alleges that the Board’s decision did not consider the impracticability of compliance. Concerning the practicability of compliance, the Massachusetts General Laws clearly indicate that costs are irrelevant to obtaining a variance unless it can be shown that there is no substantial benefit to compliance. Pyramid Co. of Hadley v. Architectural Access Board, 403 Mass. 126, 131 (1988) (“Only if there is no substantial benefit [to disabled persons] does the issue of the cost of complying with the regulation become important.”). Once the Board has determined that there is a substantial benefit, it does not need to perform any cost-benefit analysis. Id. It has been determined that compliance with the Board’s decision would provide a substantial benefit to handicapped persons. Thus Cordaville’s desire to consider the costs of installing the curb cuts is not relevant to the Board’s decision and does not need to be addressed.

ORDER

For the reasons addressed above, Cordaville’s motion for judgment on the pleadings is DENIED, and the decision of the Board is AFFIRMED.

In deciding a Rule 12(c) motion, all facts submitted by the non-moving party are to be taken as true. Jarosz v. Palmer, 436 Mass. 526, 529-30 (2002). In addition, “all contravening assertions in the movant’s pleadings are taken to be false.” Ritchie v. Dept of State Police, 60 Mass.App.Ct. 655, 659-60 (2004).

The two commercial buildings located at the parcels were built within twelve months of each other by the same contractor and were financed by the same bank.

In attendance were the Board’s compliance officer, the local building inspector, the complainant, and a representative of Cordaville.

In attendance were Michael Kennedy for the complainant and two representatives of Cordaville: Paul D’Anello and Paul Minihane.

Cordaville asserts that the addition of crosswalks was not required.

G.L.c. 30A, §11(8) states:
Every agency decision shall be in writing or stated in the record. The decision shall be accompanied by a statement of reasons for the decision, including determination of each issue of fact or law necessary to the decision, unless the General Laws provide that the agency need not prepare such statement in the absence of a timely request to do so. Parties to the proceeding shall be notified in person or by mail of the decision; of their rights to review or appeal the decision within the agency or before the courts, as the *269 case may be; and of the time limits on their rights to review or appeal. A copy of the decision and of the statement of reasons, if prepared, shall be delivered or mailed upon request to each party and to his attorney of record.

The court has the authority to carry out the following actions in regards to an agency’s decision: affirm the decision, remand the matter for further proceedings before the agency, set aside or modify the decision, or compel any action if it determines that the substantial rights of any party may have been prejudiced. G.L.c. 30, §14(7).

 521 Code of Mass. Regs. §4.1 states in part that:
An owner or an owner’s representative or tenant who thinks that full compliance with 521 CMR is impracticable may apply to the Board for a variance from 521 CMR.

The Board’s determination of a substantial benefit was based on the testimony of Mr. Michael Kennedy, a community advocate with the Metrowest, as well as the testimony of Mr. Paul D’Anello, a representative of Cordaville. Mr. Kennedy testified that the curb cuts would provide a substantial benefit to handicapped individuals providing access to pathways leading to a post office and several shops.