Kirpalani, Maynard M., J.
INTRODUCTION
In May 2011, the plaintiffs, Bruce Tompkins and Stephanie Desjardins (collectively the “Plaintiffs”), filed suit against the defendants, the Department of Environmental Protection (the “DEP”) and the Rowley Conservation Commission (the “Commission”) (collectively the “Defendants”). On June 28, 2011, the Trustees filed an Amended Complaint. The Trustees are seeking to appeal, pursuant to G.L.c. 30A, §14, a decision issued by the DEP’s Office of Appeals and Dispute Resolution (the “OADR”). The Trustees are also requesting declaratory relief in accordance with G.L.c. 231 A. This matter is currently before the court on the Trustees and DEP’s Cross Motions for Judgment on the Pleadings. For the reasons discussed below, the Trustees’ Motion for Judgment on the Pleadings will he DENIED and the DEP’s Motion for Judgment on the Pleadings will be ALLOWED.
BACKGROUND
I. Statutory and Regulatory Background
. Pursuant to the Wetland Protection Act (the “Act”), G.L.c. 131, §40, statutorily-defined wetlands resource areas cannot be altered without a wetlands permit, which is known as an order of conditions or a superseding order, depending on whether the permit is issued by the local conservation commission or by the DEP. 310 Code Mass. Regs. §10.04. In responding to a permit request, a local conservation commission issues a “[d]etermination of [applicability,” which is “a written finding ... as to whether a site or work proposed thereon is subject to the jurisdiction of [the Act][.]” Both a “[d]etermination of [applicability” and an “[ojrder of [cjonditions” can be appealed to the DEP. 310 Code Mass. Regs. §10.05(7) (b). More specifically, any person permitted to request that the DEP act, may request a superseding order or superseding determination “in writing ... by certified mail . . . within ten days of issuance of the [ojrder . . . [or] [d]etermination . . . being appealed.”[4] 310 Code Mass. Regs. §10.05(7)(c). The DEP’s decision is referred to as a “[sjuperseding [d] etermination” or a “[sjuperseding [ojrder.” See 310 Code Mass. Regs. §10.05(7)(b).
A superseding determination or a superseding order may, thereafter, be appealed through the DEP. See 310 Code Mass. Regs. §10.05(7). Specifically, “[ajny applicant, landowner, aggrieved person . . . [or] conservation commission . . . may request review of a [rjeviewable [djecision by filing an [ajppeal [njotice no later than ten business days after the issuance of the [rjeviewable [djecision.”[5] 310 Code Mass. Regs. §10.05(7)(j)(2)(a). Upon receipt of an appeal notice, a hearing officer schedules a prescreening conference and identifies the contested issues. 310 Code Mass. Regs. §10.05(7)(j)(7). After the relevant issues are briefed and argued, the hearing officer issues a recommended final decision, which the Commissioner can adopt, reject, or modify. Code Mass. Regs. §1.01(14)(b). The Commissioner’s decision is considered the DEP’s final decision. See Code Mass. Regs. §10.05(7)0)(8).
*291 II. Factual and Procedural Background
In 2005, the Commission issued the Plaintiffs and a neighboring lot owner two orders of conditions (the “OOCs”), which classified a waterway traveling over their respective properties as perennial. The OOCs were extended on several occasions and neither party appealed. Then, in 2009, the Plaintiffs sought to obtain a determination of applicability from the Commission, which would have classified the same waterway as intermittent. In March 2010, the Commission issued a decision, determining that the stream remained perennial. The Plaintiffs appealed this decision to the DEP, seeking a superseding determination of applicability.
The DEP agreed with the Commission, concluding that the stream was perennial. The Plaintiffs then appealed to the OADR. Thereafter, on May 3,2011, the Commissioner of the DEP adopted a recommended final decision (the “Final Decision”) issued by a hearing officer at the OADR. In the Final Decision, the hearing officer did not address the substantive question of whether the stream was perennial or intermittent. Rather, the hearing officer explained that, because the OOCs had not been appealed and had not expired, attempting to request a new determination of applicability amounted to a “collateral attack,” which is barred as a matter of policy under the DEP’s rules and regulations. The Plaintiffs now seek judicial review of this decision.
DISCUSSION
I. Standard of Review
The scope of review for an agency’s decision is defined by G.L.c. 30A, §14. Howard Johnson Co. v. Alcoholic Beverages Control Comm’n, 24 Mass.App.Ct. 487, 490 (1987). Pursuant to this provision, the court may affirm, remand, set aside or modify an agency’s decision if it determines that the substantial rights of any party may have been prejudiced because the agency’s decision is: (1) based upon an error of law; (2) unsupported by substantial evidence; (3) unwarranted by facts found by the court on the record submitted; or (4) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with the law. G.L.c. 30A, §14(7).
The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Merisme v. Board of Appeals on Motor Vehicle Liab. Policies and Bonds, 27 Mass.App.Ct. 470, 474 (1989). In reviewing the agency’s decision, the courtis required to give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by statute. Flint v. Commissioner of Pub. Welfare, 412 Mass. 416, 420 (1992). The reviewing court may not substitute its judgment for that of the agency. Southern Worcester County Reg’l Vocational Sch. Dist v. Labor Relations Comm’n, 386 Mass. 414, 420-21 (1982).
II. Analysis
The Plaintiffs argue the hearing officer abused his discretion by applying the doctrine of collateral estoppel to dismiss their appeal since the prerequisites for collateral estoppel had not been met and further, that, even if the prerequisites had been met, dismissal in accordance with collateral estoppel is beyond the scope of the DEP’s authority. As the DEP points out, there is a significant flaw with respect to these assertions. Namely, the fact that the hearing officer did not dismiss the Plaintiffs’ appeal based upon the doctrine of collateral estoppel. Instead, the hearing officer dismissed their appeal pursuant to a rule prohibiting collateral attacks. And, although somewhat related, collateral estoppel and collateral attack are separate and distinct concepts. They are not interchangeable as the Plaintiffs’ argument seems to suggest.
More specifically, collateral attack is defined as, “(a]n attack on a judgment entered in a different proceeding.” Black’s Law Dictionary 255 (7th ed. 1999). The opposite of a collateral attack is a direct attack, or “(a]n attack on a judgment made in the same proceeding as the one in which judgment is entered.” Id. at 472. Examples of properly filed direct attacks are “appeals and motions for new trial.” Id. By contrast, collateral estoppel is defined as, “(a]n affirmative defense barring a party from relitigating an issue determined against that party in an earlier action.” Id. at 256. Thus, a party engages in a collateral attack on a prior decision when it brings a new suit attempting to indirectly circumvent or change the first decision. Whereas, collateral estoppel is an affirmative defense brought by a defendant arguing the plaintiff has previously asserted a similar action.[6] In this case, the hearing officer dismissed the Plaintiffs’ appeal pursuant to the DEP’s rule against collateral attacks, not based on the doctrine of collateral estoppel. Thus, the Plaintiffs’ argument, that the hearing officer abused his discretion by applying the doctrine of collateral estoppel must fail.
The only issue possibly remaining is whether the hearing officer abused his discretion in dismissing the Plaintiffs’ appeal based upon the DEP’s rule preventing collateral attacks. As an initial matter, this question requires the court to determine whether the DEP’s rule preventing collateral attacks is valid. Second, if deemed valid, the court must assess whether the rule was fairly and appropriately applied in the current case.
The purpose of the Act is to protect wetland resource areas for the benefit of the general public. See Citizens for Responsible Envtl. Mgmt v. Attleboro Mall, Inc., 400 Mass. 658, 669 (1987). And, “(i]t vests in [the DEP] . . . precisely that ‘broad authority to effectuate [its] purposes!,]’ which commands judicial deference." Id., quoting Levy v. Board of Registration & Discipline in Med., 378 Mass. 519, 524 (1979). Based upon this broad authority, the DEP may announce policies *292 through the adoption of rules and regulations. These rules and regulations need not always be the result of formal rulemaking; rather, “[l]ike any administrative agency, [the DEP]... may, at its discretion, announce and apply new rules and standards in an adjudicatory proceeding.” Brookline v. Commissioner of the Department of Envtl. Quality Eng’g, 387 Mass. 372, 379 (1982) (internal citations omitted); see also Zoning Bd. of Appeals of Amesbury v. Housing Appeals Comm., 457 Mass. 748, 759 n.17 (2010) (“[A]n administrative agency ‘may adopt policies through adjudication as well as through rulemaking . . . Policies announced in adjudicatory proceedings may serve as precedents for future cases’ ”), quoting Arthurs v. Board of Registration in Med., 383 Mass. 299, 312-13 (1981).
In this case, the DEP has adopted a rule which states that, absent fraud or mutual mistake, a determination regarding a wetlands classification in an earlier unappealed order of conditions cannot be collaterally attacked through a request for new determination of applicability while the order of conditions remains in effect. The DEP chose to adopt this rule through adjudication and it has consistently applied this rule in prior decisions.[7] And, so long as the imposition of this rule is not contrary to the language of the DEP’s enabling statute and so long as it is rationally related to furthering the DEP’s purpose, it must be upheld. See Massachusetts Auto Body Ass’n, Inc. v. Commissioner of Ins., 409 Mass. 770, 777 (1991) (stating the court “must uphold . . . regulation^] . . . [that] can be interpreted in harmony with . . . [their enabling] act by any reasonable construction”). The court knows of no constitutional or statutory bar which would prevent imposition of the DEP’s rule. The rule also appears to present a rational means by which the DEP can carry out its purpose of protecting wetlands while allowing citizens to maximize the use of their land. The rule provides necessary certainty, enabling citizens to comply more easily with regulations while planning projects in close proximity to wetland resource areas.[8] For these reasons, the court concludes the DEP’s rule against collateral attacks is valid.
The final issue then is whether the DEP fairly and appropriately applied the rule in the pending case. Here, in 2005, the Commission issued the OOCs, which involved a determination that a certain waterway traveling over the Plaintiffs’ property was perennial. The Plaintiffs had a full and fair opportunity to appeal this decision by requesting a superseding order of conditions from the DEP within the ten-day appeal period specified by the regulations. 310 Code Mass. Regs. §10.05(7)(c). They failed to do so. Instead, some four years later, in 2009, while the OOCs remained in effect, the Plaintiffs sought a new determination of applicability from the Commission, which would have classified the same waterway as intermittent. In making this request, the Plaintiffs failed to identify a reason sufficient to warrant setting aside the DEP’s rule barring collateral attacks.
Asking the Commission, the DEP, or, indeed, the court, to disturb the 2005 determination at this late date, even while the OOCs remain in effect, does not contribute to the convenient or efficient administration of justice. In fact, it achieves just the opposite. If the court were to grant the Plaintiffs’ request, it would, essentially, extend, to the Plaintiffs, an unlimited appeal period and alter the expectations of the community relying upon the Commission’s 2005 classification of the waterway. Thus, the court concludes the hearing officer did not abuse his discretion or commit any error in applying the DEP’s rule against collateral attacks to the Plaintiffs’ appeal.
ORDER
For the reasons stated above, it is hereby ORDERED that the Plaintiffs’ Motion for Judgment on the Pleadings be DENIED and that the DEP’s Motion for Judgment on the Pleadings be ALLOWED.

 The following people may request that the Department act: “the applicant; the owner, if not the applicant; any person aggrieved by a [d]etermination or an [o]rder; any owner of land abutting the land on which the work is to be done; any ten residents of the city or town where the land is located; and the Department.” 310 Code Mass. Regs. §10.05(7)(a).

 A “(rjeviewable [d]ecision” is defined as “[a] Mass DEP decision that is a superseding order of condition or superseding denial of an order of conditions, a superseding determination of applicability, and/or a superseding order of resource area delineation, or a variance.” 310 Code Mass. Regs. §10.04.

 Notably, prior to the application of the collateral estoppel doctrine, certain prerequisites must be met. Specifically, “(c)ollateral estoppel bars the relitigation of an issue [only] when: ‘(1) the issue is identical to one in a prior adjudication; (2) there was a final judgment on the merits in the prior proceeding; (3) the estopped party was a party or in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue . . . Collateral estoppel applies to issues actually litigated, determined by, and essential to a previous judgment.’ ” Aspinall v. Philip Morris Companies, Inc., 2012 WL 3627421 *3 (Mass.Super.Ct. Mar. 14, 2012) [30 Mass. L. Rptr. 171] (Lauriat, J.), quoting Curtis v. Altria Group, 792 N.W.2d 836, 853 (Minn. 2010).

 See, e.g., In the Matters of Roger Beaulieu, No. WET-2008-076 & 077, Recommended Final Decision (April 30, 2009), adopted as Final Decision (May 5, 2009); In the Matter of Jose Verissimo, No. WET-2008-006, Recommended Final Decision (June 5, 2008), adopted as Final Decision (July 3, 2008); In the Matter of Chester Delaney, No. WET-2002-223, Recommended Final Decision (October 23, 2003), adopted as Final Decision (November 19, 2003); In the Matter of Kenwood Dev. Corp., No. WET-1997-022, Ruling and Order (January 23, 1998), adopted as Final Decision (June 15, 1998).

 Notably, the DEP’s rule is also consistent with how the collateral attack doctrine is applied in the courts. More specifically, “a judgment may be collaterally attacked only ‘if other means of obtaining relief from the judgment are unavail *293 able to the applicant or the convenient administration of justice would be served by determining the question of relief in the course of the subsequent action.’ ” Director of the Div. of Employment Sec. v. Mattapoisett, 392 Mass. 858, 860 (1984), citing Vose v. Morton, 4 Cush. 27, 31 (1849). Put another way, where direct attack was available but not utilized as a remedy, prior judgments cannot be challenged by the later filing of a separate suit. See Levenson v. Feuer, 60 Mass.App.Ct. 428, 441-42 (2004). “Where final judgment has entered,” the rights of the parties are “limited to timely appeal or other direct challenge”!;] a secondary action is an “impermissible collateral attack!.]” Tompkins v. Tompkins, 65 Mass.App.Ct. 487, 493 (2006), citing Pavlik v. Dmytryck, 6 Mass.App.Ct. 915, 916 (1978).