SUPERIOR COURT 
 
 MASSACHUSETTS DEPARTMENT OF CORRECTION vs. MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION AND PAMELA SCANLAN

 
 Docket:
 17 03554
 
 
 Dates:
 November 23, 2018
 
 
 Present:
 
 
 
 County:
 SUFFOLK, ss.
 

 
 Keywords:
 MEMORANDUM OF DECISION AND ORDER ON CROSS MOTIONS FOR JUDGMENT ON THE PLEADINGS
 
 

 Plaintiff Massachusetts Department
of Correction ("DOC") moves pursuant to G.L. c. 30A, '14, G.L. c. 151B, '6, Superior Court Standing Order 1‑96,
and Mass. R. Civ. P. 12(c) to vacate an assessment of interest on attorney's
fees and costs imposed by defendant Massachusetts Commission Against
Discrimination ("MCAD") in a decision rendered in favor of defendant
Pamela Scanlon, a DOC employee, on September 28, 2017. MCAD opposes and cross‑moves
for judgment on the pleadings. Scanlan adopts and incorporates the MCAD's
arguments. In consideration of the parties'
memoranda of law and oral arguments, and for the reasons that follow, DOC's
motion for judgment on the pleadings is ALLOWED and the MCAD's cross‑motion for
judgment on the pleadings is DENIED. BACKGROUND Claims for judicial review of administrative
agency proceedings are resolved through motions for judgment on the pleadings
under Mass. R. Civ. P. 12(c). Massachusetts Superior Court Standing Order 1‑96,
'4. The Court's "review shall be
confined to the record." Id. at '5.   -1-   "Such record 'shall consist of ... the entire
proceeding." Id. at '2,
quoting G. L. c. 30A, '14.
The record in this case reveals the following facts: Defendant Scanlon filed a charge of
discrimination against the DOC and litigated it before the MCAD pursuant to G.
L. c. 151B, '5, not in
Superior Court pursuant to G.L. c. 151B, '9.
On or about March 19, 2013, and pursuant to G. L. c. 151B, '5, an MCAD Hearing Officer issued a
decision in favor of Scanlon and awarded her compensatory damages. On or about
March 29, 2013, Scanlon submitted a petition for attorney's fees and costs. DOC appealed to the Full Commission
of the MCAD. On September 28, 2017, the Full
Commission affirmed the Hearing Officer's decision and awarded Scanlon
attorney's fees of $41,600 and costs of $386, to which the MCAD added interest
calculated at 12% "from the date the petition for attorney's fees was
filed, until paid, or until this order is reduced to a court judgment and post‑judgment
interest begins to accrue." The Order concluded that "[t]his order
represents the final action of the Commission for purposes of M.G.L. c. 30A.
Any party aggrieved by this final determination may contest the Commission's
decision by filing a complaint in superior court seeking judicial review ...
Failure to file a petition in court within thirty (30) days of service of this
order will constitute a waiver of the aggrieved party's right to appeal
pursuant to M.G.L c. 151B, '6." On November 1, 2017, DOC field a
timely complaint in this court, seeking an order vacating the award of interest
on attorney's fees and costs. DISCUSSION The Court may set aside the MCAD's
decision only on the grounds enumerated in G.L. c. 30A, '14.
See Howard Johnson Co. v. Alcoholic Beverages Control Comm=n, 24 Mass. App. Ct. 487, 490 (1987).
The Court thus reviews the MCAD's decision to determine whether it was not   -2-   supported by substantial evidence, was arbitrary or
capricious, or was based on an error of law. G.L. c. 30A, '14(7); see also, ez., The Local Citizen
Group v. New England Wind, LLC, 457 Mass. 222, 228 (2010). A moving party bears
a heavy burden of establishing that an agency's decision is invalid. See
Merisme v. Board of Appeals on Motor Vehicle Policies and Bonds, 27 Mass. App.
Ct. 470, 474 (1989); Mass. Ass'n of Minority Law Enforcement Officers v. Abban,
434 Mass. 256, 263‑64 (2001). "We generally review an
agency's interpretation of law de novo. However, we grant deference to the
interpretations administrative agencies make of the statutory scheme that they
administer." Trustees of Health & Hosps. of the City of Boston, Inc.
v. Massachusetts Comm'n  Against
Discrimination, 65 Mass. App. Ct. 329, 333 (2005) (citations omitted), aff=d sub nom.  Trustees of Health & Hosps. of City of
Boston, Inc. v. Massachusetts Comm'n Against 
Discrimination, 449 Mass. 675 (2007). Further, the Court gives due
weight to the "experience, technical competence, and specialized knowledge
of the agency" and the discretionary authority conferred upon it, see G.
L. c. 30A, 'I4(7),
and will not substitute its judgment for that of the agency. Southern Worcester
Cnty. Reg'l Coy. Sch. Dist. v. Labor Relations Comm'n, 386 Mass. 414, 420‑21
(1982). Chapter 151B claims are resolved
through one of two generally mutually‑exclusive methods C
before the MCAD pursuant to '5
or before the Superior Court pursuant to '9.
This is a '5 case.
Two years ago, in a '9
case, the Supreme Judicial Court decided Brown v. Office of the Commissioner of
Probation, 475 Mass. 675 (2016), in which the Court found that sovereign
immunity barred a Superior Court from awarding post‑judgment interest on an
award of attorney's fees and costs against a public agency.[1] The MCAD
concedes that post‑judgment   ---------------------------   [1]Brown distinguished an earlier
case on which the MCAD relies, DeRoche v. Massachusetts Commission Against
Discrimination, 447 Mass. 1 (2006), finding that DeRoche "affirmed an
order requiring the payment of postjudgment interest on the compensatory
damages at issue in that case," but did so "only 'for purposes of
[that] opinion' ... because the public employer had 'presented no independent
argument' regarding its liability for postjudgment interest as opposed to
prejudgment interest." Brown, 475 Mass. 678 n. 9. As Brown recognized,
DeRoche does not serve as binding precedent on the point squarely raised by the
parties here.   -3-   interests on attorney's fees and costs does not accrue under
Brown, but contests when "judgment" is issued. Because the instant
case was adjudicated before the MCAD under '5,
not in Superior Court under '9
as was the case in Brown, the MCAD argues that the Court should not read Brown
to find that interest on attorney's fees and costs imposed by the MCAD  constitutes post‑judgment interest. Instead,
the MCAD claims that all the interest that accrues based upon the MCAD's
decision issued under '5
is pre‑judgment interest because the MCAD must seek enforcement of a '5 order in Superior Court; until the
Superior Court rules, it claims, any interest that accrues on the judgment is
pre‑judgment interest not within the scope of Brown. The MCAD's position is flawed. It
proceeds from the erroneous premise that the MCAD must always proceed in
Superior Court under '6
for its '5 order
to be final. This is not the case. Section 6 permits, but does not require,
resort to Superior Court by the MCAD or anyone who is "aggrieved" by
its decision. G.L. c. 151B, '6
("Any complainant, respondent or other person aggrieved by such order of
the commission may obtain judicial review thereof, and the commission may
obtain an order of court for its enforcement, in a proceeding as provided in
this section") (emphasis added). Unless a timely action is filed in
superior court, a '5 decision
of the MCAD is final C
and, indeed, will be given preclusive effect under res judicata principles,
whether or not it was appealed to the Superior Court. The Supreme Judicial
Court came to this conclusion in Brunson v. Wall, 405 Mass. 446, 449‑53 (1989): We have held that the
"judicial doctrine of issue preclusion, also known as collateral estoppel,
provides that `[w]hen an issue of fact or law is actually litigated and
determined by a valid and final judgment, ... the determination is conclusive
in a subsequent action between the parties, whether on the same or a different
claim." ... Applying these requirements, the motion judge correctly
concluded that the MCAD decision should be given preclusive effect.   -4-   [T]he MCAD qualifies as a
"court of competent jurisdiction" because it is "a tribunal
recognized by law as possessing the right to adjudicate the controversy."
General Laws c. 151B, '
3(6) and (7), clearly indicate that the Legislature gave the MCAD the authority
to adjudicate discrimination claims. ... the motion judge did not err in
concluding that the plaintiff is precluded from relitigating the issue against
the individual defendants [resolved by the MCAD]. The fact that the plaintiff chose
not to seek judicial review of the MCAD decision pursuant to '6 does not change our view. General
Laws c. 151B does not give parties aggrieved by an MCAD decision an election
between judicial review pursuant to '6
and a de novo hearing pursuant to '9.
On the contrary, the statutory scheme indicates that "[t]here are two
largely independent avenues for redress of violations of the antidiscrimination
laws of the Commonwealth, one through the MCAD (G.L. c. 151B, '56), and the other in the courts (G.L.
c. 151B, '9)." General Laws c. 151B, ' 9, provides that a party may file an
action in court ninety days after the filing of a complaint with the MCAD, and
that, if a party chooses to do so, the complaint before the MCAD will be
dismissed "and the [party] shall be barred from subsequently bringing a
complaint on the same matter before the Commission." Section 6 vests the
Superior Court with power to review and enforce an MCAD decision issued
pursuant to '5. By
providing for judicial review of MCAD decisions, and by foreclosing agency
action once a party has sought a judicial remedy pursuant to '9, the Legislature signaled its intent
that the parties would be bound by an MCAD decision, subject only to judicial
review. The MCAD also interprets G.L. c.
151B, as foreclosing judicial suit pursuant to '9
once a party invokes the formal administrative process. By regulation, the MCAD
makes clear that a complainant may only obtain a formal agency hearing, as an
alternative to a judicial action under '9.
... Considering, "the strong and oft‑stated public policy of limiting each
litigant to one opportunity to try his case on the merits," we agree with
the MCAD's view and conclude that, since the plaintiff chose to pursue the
administrative remedy before the commission, she cannot invoke the alternative
remedy afforded by '9. Id. (citations, footnotes omitted). In this case, the MCAD did not need
to file this action C
and did not do so; had the DOC not filed it, the MCAD decision would have
become final by operation of law. The MCAD's construction of the statute to
distinguish between pre‑ and post‑judgment interest based on a Superior Court
judgment makes no sense because no Superior Court judgment will necessarily be
entered in a '5 case.   -5-   Further, there is little reason to
distinguish Brown on the basis that it was decided under '9 and this case was decided under '5. The Brown court relied on cases
decided under both '9 and '5, suggesting it saw no distinction
between the two sections on this point. Brown, 465 Mass. at 677‑79. While the
MCAD argued that language in '5,
empowering the MCAD to use its remedial powers to "eradicate the evils of
discrimination", supports a finding of a waiver of sovereign immunity,
that language is similar to that in '9
directing that it be "construed liberally for the accomplishment of
[Chapter 151B's] purposes" which the Brown court found did not waive
sovereign immunity. Brown, 475 Mass. at 679. The MCAD awarded attorney's fees
and costs to Scanlon under '5
as a "prevailing complainant." Scanlon could only prevail if the MCAD
awarded her judgment. This is precisely what the MCAD did. Like a Superior
Court in a '9 case,
the decision of the MCAD in a '5
case is reviewable but potentially final. Because that is so, it is the MCAD's
decision on attorney's fees and costs, and not a potential subsequent decision
by the Superior Court, which draws the line between interest that is pre‑ and post‑judgment.
As the Brown court found, the Commonwealth has not waived sovereign immunity
for post‑judgment interest on awards of attorney's fees and costs. Brown thus
controls here. The MCAD's order awarding interest on attorney's fees and costs
constitutes post‑judgment interest in violation of the DOC's sovereign
immunity. Accordingly, that award was erroneous as a matter of law and cannot
stand under G.L. c. 30A, '14(7).   -6-   ORDER   For the reasons detailed above,
plaintiff's motion for judgment on the pleadings is ALLOWED and the MCAD's
cross‑motion for judgment on the pleadings is DENIED. SO ORDERED.   /s/MICHAEL D. RICCIUTI Justice of the Superior Court November 23, 2018   -7-